The State, to the use of Cowan, vs. Modrell et al.

THE STATE, TO THE USE OF COWAN, VS. MODRELL, ET AL.

15 421
114 667

1. In an action upon the bond of executors, against the principals and securities, alleging breaches in various acts of misconduct by the principals, the damages to be recovered are not necessarily liquidated, and the action is not, therefore, one in which a set-off is allowed.

2. There must be a debt on the part of the plaintiff, as well as on the part of the defendant, to authorise a set-off. The test is, that the indebtedness for which the action is brought must be such that if the plaintiff was sued by the defendant, upon the set-off claimed, he could claim his cause of action in that suit as a set-off.

3. A claim against the principal and securities on an executor's bond, founded upon the misconduct of the executor, is a claim against them in their individual capacity, and an indebtedness of the plaintiff to the testator, in his lifetime, cannot be set off against it.

4. A petition against an executor and his securities, on their bond, alleging waste and a refusal to pay a demand allowed by the county court, must aver an order of court for its payment, or that assets have come to the hands of the executor, which ought to have been, or could lawfully be applied to its payment.

## ERROR to Buchanan Circuit Court.

### STATEMENT OF THE CASE.

This was a civil action brought in the Buchanan circuit court in the month of March, 1850. The petition, in substance, states that the defendants, on the 5th day of December, 1843, made their writing obligatory to the State of Missouri in the sum of eight thousand dollars, which writing obligatory was conditioned that the defendants, John Modrell and James Gilmore, executors appointed by the last will of Robert Modrell, deceased, should faithfully execute said will, and faithfully demean themselves as such executors, &c., (in the usual form of such bonds) then said writing should be void. The petition further states, that said John Modrell and James Gilmore then obtained letters testamentary upon said estate, and took upon themselves the executorship thereof; and that, afterwards, on the eighth day of October, in the year 1844, (while the said Modrell and James Gilmore were still the executors of said estate, in the county court of the county of Buchanan, the said Isaac Cowan, in due course of law, proved up an account against said estate for the sum of one hundred and thirty-one

The State, to the use of Cowan, vs. Modrell et al.

dollars, which said amount was duly allowed by said court in favor of said Isaac Cowan, and record made thereof. The petition then alleges that the said John Mordell and James Gilmore, executors as aforesaid, have not performed the conditions of said bond or writing obligatory, but have failed to pay the debts and legacies as far as the assets extended and the law directed; but on the contrary thereof, a large amount of goods, chattels and personal property, belonging to the estate of the said Robert Modrell, deceased, of the value of five hundred dollars, came into their hands, to be paid out in due course of law, but which they have wholly converted to their own use, and have failed to pay, and still fail to pay, the said demand allowed in favor of said Isaac Cowan against said estate, or any part thereof, although requested so to do. The petition further alleges, that said executors have failed to render just accounts of said estate, as required by law, and have otherwise failed to discharge their duties as such executors, by which said bond has become forfeited to said State for the use of said Cowan, &c. Afterwards, at the March term of said court, in the year 1850, the defendants filed their answer to said petition, in which they state that the plaintiff was indebted to said estate of Robert Modrell, in the sum of one hundred and seventy dollars, for money received by plaintiff for said Robert Modrell in his lifetime, which they allege is evidenced by his written acknowledgment, which was filed with the answer, and in the further sum of one hundred and fifty dollars, received by plaintiff for the said Robert Modrell in his lifetime, for a wagon sold by plaintiff belonging to said Robert Modrell. The defendants asked judgment against plaintiff in favor of said executors for the balance due them on said account.

The plaintiff, in the replication to defendants off-set, stated that he was not indebted to said estate as charged in said answer; that if he had ever received any money for said Robert Modrell, the same had been paid to him in his lifetime; that he had never sold a wagon belonging to said Modrell. Plaintiff then sets up the statute of limitation to the defendants whole off-set, or to each item of said off-set separately. He also sets up a former recovery as to the wagon named in defendants off-set. Plaintiff then insists that defendants have no right to set-off the demands named in their answer against plaintiff's demand, which is equivalent, under our late statute to a demurrer to the answer.

Upon the bearing of the cause, the plaintiff read in evidence the demand proved up and allowed by the county court of Buchanan county, in favor of said Isaac Cowan, against the estate of Robert Modrell, deceased, and also the endorsement of allowance thereon, as referred to in the plaintiff's petition, after which plaintiff closed his case.

The defendants then offered to read in evidence what purported to be a receipt of Isaac Cowan, for one hundred and sixty dollars and eighty-one cents, which was stated in said receipt to have been received from James Frazier for Robert Modrell, on the 24th day of October, 1840, to the reading of which as evidence to the jury the plaintiff objected, but the court overruled the objection, and permitted said receipt to be read as evidence in the cause, and exceptions were taken. The defendants then closed their case.

The plaintiff then moved the court to instruct the jury:

1. "That they will find for the plaintiff the amount of his demand read in evidence, no legitimate off-set having been offered or proved in this cause."

2. "That the jury will exclude from their consideration all evidence offered by defendants in reference to their off-set in this cause, in the making up their verdict."

3. "That a debt due from said Cowan to Robert Modrell, deceased, in his lifetime, cannot be set up by way of off-set as a defence for defendants upon the trial of this cause."

4. "That if the jury believe from the evidence, that the money purported to have been received by said Cowan for the use of said Robert Modrell, in his lifetime, was received more than five years before the commencement of this suit, and that no promise has been made in writing to pay the same within five years before the commencement of this suit, or the filing of said off-set, then they will find for plaintiff the whole amount of his demand read in evidence."

5. "That unless there has been a promise in writing to pay the money received by said Cowan, to Modrell or his representatives, within five years previous to the commencement of

The State, to the use of Cowan, vs. Modrell et al.

this suit, then the same is barred by the statute of limitations, and the same cannot be set-off in this action."

All of which said instructions were refused by the court, and exceptions saved by the plaintiff.

The defendant then moved the court to instruct the jury:

"That in making up their verdict, it is proper to allow plaintiff the amount of his judgment in the county court, with six per cent. interest, and allow the defendants the amount of the receipt, exclusive of the endorsement on the back of it, with six per cent. interest from date until the present time, and if a balance is due defendants, they will return a verdict for defendants for such amount."

To the giving of which instruction, the plaintiff objected, but the court overruled said objection and gave said instruction to the jury, and exceptions were taken by plaintiff. Thereupon the plaintiff took a non-suit, with leave to move to set the same aside, and afterwards filed his motion to set aside said non-suit, and grant him a new trial for reasons therein stated, which said motion was by the court overruled.

## Vories, for plaintiff in error.

The plaintiff will insist upon two points in this cause:

1. That the demands plead in off-set and offered in evidence by the defendants, and the demand of the plaintiff, to recover which this suit was brought, were not mutual debts accruing in the same right, but that they accrued in different rights; that is to say, that the judgment of the plaintiff in this case, if he had recovered, would have been against all of the defendants in their individual capacity; while the defendants to recover on their off-set must have recovered in favor of only part of the defendants, and that in their respective capacity as executors. The court, therefore, erred in permitting the evidence on the part of defendants in reference to said off-set, and also in refusing the instructions asked by plaintiff.

2. That if the said demands, pleaded by defendants, were the subject of off-set, then they were barred by the statute of limitations, and the court, therefore, erred in refusing to give the forth and fifth instructions asked for by plaintiff.

3. The court erred in refusing to set aside the non-suit taken by plaintiff, and in refusing to give plaintiff a new trial for reasons set forth in plaintiff's motion therefor.

For authorities upon the first point, see Woodward and Thornton, administrators, vs. McGaugh & Brown, 8 Mo. R. 161; McDonald vs. Harrison, 12 Mo. R. 447; 1 Chitty's Pleadings, 571,-2; Saunders' Pleading and Evidence, 789: Duncan vs. Lyon, 3 John. C. R. 351 to 359, Dale, executor, vs. Cook, 4 John. C. R. 11; Elder vs. Lasswell, 2 Blackford's R. 349.

A debt barred by the statute of limitations cannot be pleaded as an off-set. 1 Tidd's Practice, 717, 718.

## Loan & Gardenhire, for defendants in error.

When suit is brought on an executor's bond for a demand which accrued from the testator before his death, a debt which accrued to him, in his lifetime, may be set off against it.

The answer sets up the defence upon which issue was joined, and the evidence offered was relevant to it.

One of two defendants may set off a demand due him by the plaintiff. Austin vs. Freland and others, 8 Mo. R. 312.

An action will not lie on the bond in such a case, and the appellant is not injured by the judgment. R. S., title "Administration," Article 5.

GAMBLE, J., delivered the opinion of the court.

The action in this case being brought upon the bond of two executors, against the principals and securities, alleging breaches in various acts of misconduct by the principals, the damages to be recovered are not necessarily liquidated, and the action is not, therefore, one in which a set-off is allowed. There must be a debt on the part of the plaintiff, as well as on the part of the defendant, to authorise a set-off. The test given by Chief Justice Kent is, that the indebtedness for which the action is brought, must be such that if the plaintiff were sued by the defendant upon the set-off claimed, he could claim his cause of action in that suit as a set-off. Gordon vs. Bourne, 2 J. R. 155. If the executors, who are the principals in the bond here declared upon, were to sue Cowan upon his alleged indebtedness to their testator, could he use as a set-off his present claim for damages for their failure to discharge their duties as executors? Clearly not.

Again, the claim in the present action is a claim against the principal and securities in the bond in their individual capacity, founded upon the misconduct of the executors. Against this claim an indebtedness to the testator of two of the defendants cannot be set off.

As this disposes of the question of set-off, it is unnecessary to consider the question whether the set-off admitted in the circuit court was barred by the statute of limitation. The instructions of the court below being given under a misapprehension of the law of set-off, the judgment would be reversed but for the fact that the petition of the plaintiff shows no legal cause of action.

The petition states the allowance of a demand by the county court against the estate of Robert Modrell, the testator, in favor of the plaintiff, but it does not show by any averment that any order of the court has ever been made for its payment, or that any assets have ever come to the hands of the executors which ought to have been or could lawfully be applied to its payment.

Although it alleges that assets have come to the hands of the executors, and have been converted by them, the plaintiff has not been injured thereby, if there are demands allowed against the estate in a class prior to his, that would absorb all the assets of the estate.

The petition, then, not showing that the plaintiff is a party injured by the breach of the condition, fails to show any right to commence this suit for his benefit, and consequently he is rightly out of court, although for a wrong reason. The judgment is affirmed.