W. G. DODSON, ADMINISTRATOR *de bonis non* OF WILSON GRAY, Plaintiff in Error, *v.* W. S. SCROGGS, ADMINISTRATOR OF EMERSON C. SCOTT, AND ANGELINE RECTOR, ADMINISTRATRIX OF GRIGGSBY RECTOR, Defendants in Error.

1. *Administrators, sureties on bond of, suits against — Consent of parties can not confer jurisdiction on Circuit Court.* — Suit against the sureties on an administrator's bond was instituted in the Circuit Court of Dade county, but, on motion of defendants, was removed to the Circuit Court of Cedar county, where plaintiff obtained judgment. *Held,* that the latter court had no jurisdiction of the subject-matter, and that the judgment was unauthorized. The exclusive jurisdiction given to the Probate Court of Dade county (Sess. Acts 1845, p. 70) in such suits, by implication prohibits all other courts from acting, the Circuit Court of Cedar as well as that of Dade. Parties in such a proceeding can not by consent confer jurisdiction upon Circuit Courts.

2. *Administration — Practice, civil — Pleading, motion to make more definite.* — In suit on the bond of a defaulting administrator, by his successor in office, plaintiff should set up affirmatively the fact of his appointment as administrator, and the failure of such averment would be good ground for motion to make the petition more definite and certain; and it is usual and proper in such petition to give the date of his letters and the court from which they were issued. But it is sufficient to aver in general terms that the defendant was executor or administrator of the particular estate.

*Error to Third District Court.*

J. F. *Hardin*, for plaintiff in error.

The Cedar Circuit Court clearly had jurisdiction of the subject-matter of the suit, and the parties voluntarily submitted themselves to that jurisdiction, and can not be heard to question it

after trial and judgment. (Brady v. Richardson, 18 Ind. 1 ; Ludwick v. Beckamire, 15 Ind. 198 ; Paulding v. Hudson, 2 E. D. Smith, 38 ; Buckley v. Hielbrumer, 7 Ind. 488 ; Cooper v. Reeves, 13 Ind. 53 ; Hills v. Miles, 13 Wis. 625 ; Walker *et al.* v. Parker, 22 Barb. 323 ; Brown v. Webber, 6 Cush. 560 ; Simmons v. Parker, 1 Metc. 508 ; Cleveland v. Welsh, 4 Mass. 592 ; Belknap v. Gibbons, 13 Metc. 471 ; Nash v. Brophy, *id.* 476 ; Campbell v. Wilson, 6 Texas, 379 ; Hembree v. Campbell, 8 Mo. 572 ; Bellis v. Logan, 2 Mo. 4.)

*Buller & Sherwood*, for defendants in error.

I. Under the statute (Sess. Acts 1845, p. 70, § 4) the suit in this case should have been brought in the Probate Court of Dade county, and not in the Circuit Court. (State v. St. Louis County Court, 38 Mo. 402 ; *id.* 529 ; Miller v. Woodward, 8 Mo. 169 ; Overton v. McFarland, 15 Mo. 313 ; Powers v. Blakey's Adm'r, 16 Mo. 437.)

II. The appearance of the defendants and their proceeding to trial did not waive their right to raise the question of want of jurisdiction even in the appellate court. (2 Wagn. Stat. 1015, § 10 ; Stone v. Corbett, 20 Mo. 350 ; Lindell's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 543.)

III. Aside from this view of the case, the petition states no facts sufficient to constitute a cause of action. Certain defects in pleadings may be aided and cured by verdict, but the defects in this case are not of that character. (Jones v. Fuller, 38 Mo. 363; State, to use of Tapley, v. Matson *et al.*, 38 Mo. 489; State, to use of Reyburn, v. Ruggles, 20 Mo. 99.)

BLISS, Judge, delivered the opinion of the court.

Defendant's intestates were sureties upon the administration bond of one E. T. Berry, original administrator of the estate of said Wilson Gray; and said administrator having defaulted, he was removed, and this suit was brought upon his official bond. It was instituted in the Circuit Court of Dade county, but, on motion of defendants, was removed to the Circuit Court of Cedar county, where the plaintiff recovered judgment. Defendants now object

to the judgment from the fact that by a local act (Sess. Acts 1845, p. 70) applicable to the county of Dade, "exclusive, original jurisdiction" is given to the Probate Court of the county "to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate." Admitting the force of this objection so far as the Circuit Court of Dade is concerned, the plaintiff contends that in Cedar county the Circuit Court has the general jurisdiction given Circuit Courts of the State, which covers the subject-matter of this suit; and the parties having voluntarily appeared and submitted to its authority over their persons, they can not now complain.

But how can the Circuit Court of Cedar or of any other county have authority to try causes against executors or administrators of Dade, when the statute says that the Probate Court alone shall have the right to try them? The argument supposes that the statute contains a prohibition against the authority of the Circuit Court of Dade in these cases, leaving other courts unaffected, but such is not its effect. The exclusive jurisdiction given to the Probate Court of Dade, by implication prohibits all other courts from acting, the Circuit Court of Cedar as well as that of Dade. The authorities cited by counsel for plaintiff abundantly show, and only show, that the right to object to jurisdiction over the person may be waived; but the law alone, and not consent of parties, must decide what matters each particular court may hear and determine. The authority of the Cedar Circuit Court being thus cut off, the judgment could not have been authorized.

The petition is also worthless. The representative character of the plaintiff and his relation to the debt may sufficiently appear in the body of the petition to save the case after verdict. But the relation of defendants to the estates they are supposed, in the entitling of the petition, to represent, nowhere appears, and the judgment is against them personally. A liability on the part of Scott and Rector, if they were alive, is shown, but nothing appears to charge defendants, either personally or in any representative character; and even if the court had jurisdiction, the judgment is radically wrong, for it has nothing to rest upon.

The statute requires that the petition should give the title of the cause. This petition is properly entitled, but the facts showing the plaintiff's right to sue — always necessary to be shown (State, etc., v. Matson, 38 Mo. 489) — are informally set up, and the defendant's liability does not appear at all. In Duncan's Adm'r v. Duncan, 19 Mo. 368, a description of the plaintiff, in the body of the petition, as administrator of the estate named, with a prayer for judgment in his favor as administrator, was held to be sufficient, under the code of 1849, to warrant the introduction of evidence showing his representative character. Though this form of allegation might perhaps still be held sufficient if the defendant should answer to the merits, yet the plaintiff would doubtless be compelled, on motion, to make it more " definite and certain." He should be required to aver the fact affirmatively, and it is usual and proper to give the date of his letters and the court from which they were issued, that the defendant may be advised in regard to his authority, and be able intelligently to put it in issue. With regard to the representative character of defendant, the plaintiff is not supposed to know the particulars, and it is hence sufficient to aver in general terms that he was executor or administrator of the particular estate.

The District Court reversed the judgment and dismissed the cause, and its judgment is affirmed. The other judges concur.