JULIAN, *Appellant*, v. WARD, *Admr.*

1.  **Jurisdiction of Barton County Probate Court.** The act of March 19th, 1866, establishing probate courts for Barton and other counties, (Sess. Acts 1865-6, p. 84,) conferred upon those courts exclusive original jurisdiction of all demands against the estates of deceased persons. The fact that a living person was jointly liable with the estate of a decedent would not authorize the circuit court to take jurisdiction.

2.  **Supplying Destroyed Judgment.** In a proceeding to supply a judgment, the record of which has been destroyed, the court should not render a new judgment, but should restore the old one, so as to make the record show when it was rendered, against whom and the amount. This is all that the statute relating to the supplying of lost and destroyed records was intended to accomplish. Gen. Stat. 1865, p. 182.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

*Nathan Bray* for appellant.

*Buller & Chiswell* and *Robinson & Harkless* for respondent.

NORTON, J.—It appears from the record that R. W.

Crawford recovered judgment in the circuit court of Barton county, at the October term thereof, for the year 1860, against G. E. Ward, John M. Richardson, W. D. McFarlan and J. N. Bruffey, for the sum of $500 debt and $72 for his damages; that the record of this judgment was destroyed by fire during the war; that G. E. Ward died, and that on the 17th day of February, 1867, Crawford commenced suit to restore his judgment against G. E. Ward's estate and against the other defendants. Service was had on the administratrix of Ward and on defendant Richardson. Richardson made default, and in the mean time E. G. Ward having been appointed administrator *de bonis non* of Ward's estate, in place of Theodosia A. Smith, a trial was had in the circuit court of Barton county at the April term, 1871, and the court found that a former judgment had been rendered in favor of plaintiff, and against defendant, the record of which was destroyed, and thereupon judgment in favor of the plaintiff and against defendant Richardson and E. G. Ward, administrator of G. E. Ward's estate, for the sum of $572 for his debt, and $590 damages was entered. After due notice of the presentation of said judgment for classification to the probate court, the same was, by the probate court, duly allowed and classified at the March term thereof, for the year 1873, and on the 10th day of said month. From the order of the probate court allowing said demand and classifying the same, the defendant, E. G. Ward, appealed to the circuit court.

In the circuit court the plaintiff offered the original papers in evidence to show a legal cause of action, and to show service on the administratix of Ward and her appearance to the suit, and to show that her letters had been revoked, and that E. G. Ward had been appointed administrator *de bonis non* of said estate, and to show service on him and his appearance to the action; also offered the judgment of the circuit court as certified to the probate court for allowance, and the notice of the presentation of

the same to the probate court for classification, and the judgment and order of the probate court allowing said judgment as a legal demand and classifying the same.    To this evidence defendant objected, for the reason that the judgment of the circuit court was void, because it had not jurisdiction either of the subject matter or of the person of Ward, the administrator.    This objection was sustained, and thereupon the court rendered judgment for defendant, to reverse which action this appeal is prosecuted.

The only question which the record presents is, as to whether the circuit court of Barton county had jurisdic-
1. JURISDICTION OF tion to render the judgment offered in evi-
BARTON COUNTY
PROBATE COURT   dence at its April term, 1871.    The solution of this question depends on a construction of the act establishing the probate court in Barton county, (Acts 1865–6, p. 84,) the 6th section of which provides that " said probate court shall have exclusive original jurisdiction    *    * to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, subject to appeals in all cases to the circuit court."    It clearly appears from the terms of this act that all proceedings to inforce a demand against a decedent's estate in Barton county must first be heard and determined in the probate court, and that in such cases the circuit court can only exercise appellate jurisdiction, because the Legislature have, in direct terms, conferred exclusive original jurisdiction on the probate court.    The act has been so construed in the cases of *Dodson, Admr., v. Scroggs, Admr.*, 47 Mo. 285, and *Cones v. Ward's Admr.*, 47 Mo. 289.    While it is conceded by counsel that the act conferred exclusive original jurisdiction on the probate court in all demands against a decedent arising out of the sole obligation of such decedent, it is contended that where the demand is created by a joint obligation, the administrator of a deceased obligor can be joined with the living obligors in a suit instituted in the circuit court.    The construction thus insisted upon

would repeal the act, "*pro tanto*," and we cannot perceive any reason why exclusive original jurisdiction should be given to the probate court upon a demand against the estate of a decedent, when he was solely bound, and deny to it such jurisdiction when one or more who are living are jointly liable with such decedent. Indeed it may be said that such construction would drive a party seeking to inforce such obligation, first to sue in the circuit court, and, after obtaining judgment against the administrator, again to present it against the same party for classification and allowance as a demand against the estate. We are, therefore, of the opinion that the probate court of Barton county, under the act of 1865, *supra*, has exclusive original jurisdiction over demands presented against an estate for allowance whether such demand originate from the sole obligation of a decedent or from a joint liability with others who are living. It, therefore, follows that the circuit court had no jurisdiction to render the judgment of April, 1871, and that the trial court in refusing to receive it as evidence, acted properly.

It is clear that the court treated the proceeding instituted by Crawford as an action founded on the original

2. SUPPLYING DE-STROYED JUDG-MENT.
judgment claimed to have been rendered against Ward, the decedent, and these other persons in 1860, and on this theory it proceeded to render a new judgment against Ward's administrator and Richardson, one of the other defendants, instead of proceeding on the theory of plaintiff to make an order reinstating, restoring and perpetuating the evidence of the destroyed judgment of 1860, if it in fact found that such judgment had been rendered and was destroyed. This is all which we think the provisions of the statute relating to the supplying lost or destroyed records were intended to accomplish, and not that the court should render a new judgment, but simply supply the destroyed judgment and preserve the evidence as to when it was rendered, against whom

rendered and the amount of it.　Judgment affirmed, all concurring except SHERWOOD, C. J., who dissents.

AFFIRMED.