THE STATE *ex rel.* SHINN *et al., Appellants*, v. STAFFORD.

1. **The Probate Court of Carroll County,** As organized under the act of January 1st, 1860, (Sess. Acts 1859-60, p. 41,) had jurisdiction of an action on an administrator's bond.
2. **Administrator's Liability on his Bond.** No action lies against an administrator upon his bond for failure to pay an allowance against the estate, until an order is made by the probate court authorizing payment.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

This was an action on an administrator's bond, begun in the probate court of Carroll county. The breach assigned was failure of the administrator to pay fifty per cent of a claim that had been allowed in favor of the plaintiff and against the estate of the intestate. There had been an order of the probate court to pay fifty per cent of all unsecured claims of the fifth class, allowed against the estate. Plaintiff's claim belonged to that class, but was secured by a deed of trust on real estate. Defendants had judgment in the pro-

bate court, and again in the circuit court, both courts holding that the probate court had no jurisdiction of the case.

*Hale & Eads* for appellants.

*John L. Mirick* for respondent.

### I.

SHERWOOD, C. J.—There was error in holding that the probate court of Carroll county had no jurisdiction of the cause. Section 1 of article 4 of the act establishing that court, (Acts 1859–60, p. 45,) confers the usual " exclusive original jurisdiction" on that court, conferred by most of the probate acts, and section 2 of that article provides that " executors, administrators and curators may sue and be sued before said judge of probate, in all cases at law in which the action of debt or assumpsit will lie, and for all sums or demands, and damages claimed to be due to and from themselves in their representative character, or claimed to be due to or from their testator or intestate, and for all breaches of civil contracts in which executors and administrators    *    *    are necessarily parties plaintiffs or defendants." And section 3 of the same article, gives that court " concurrent jurisdiction in law and equity with the circuit court, in all matters    *    *    in which executors, administrators, etc., are necessarily parties, complainants or defendants." The statutory provisions just cited, have never been adjudicated by this court, and they cause this case to differ very widely from all others which have preceded it.

The case of *Dodson v. Scroggs,* 47 Mo. 285, was based upon the statute of 1845. Sess. Acts, p. 70. There, however, the suit was brought in the Dade circuit court, against Scroggs, administrator of Scott, and Rector, administratrix of Rector, as the representatives of their respective intestates, and against no one else. They were sued for breach of an administration bond which had been executed by Scott and

Rector; and it was very properly held in that case that the probate court of Dade county, alone, had jurisdiction of the cause. The subsequent case of the *State to use, etc., v. Maulsby*, 53 Mo. 500, cited by counsel for both parties, was a suit by the administrator *de bonis non* of Hill against Maulsby, former administrator, and his sureties on his bond as such; all as individually liable, and not liable in a representative capacity. That case arose in New Madrid county, where the statutory provisions were the same as in the counties of Dade and Barton, relative to " exclusive original jurisdiction," (Sess. Acts 1865, p. 85, § 6,) and there it was properly ruled that the circuit court had jurisdiction, and the probate court none; and the ruling in that case was placed upon the ground that it was commenced against living men, to recover a personal judgment against them, for a breach of a contract entered into by them, and that case was distinguished from *Dodson's case, supra,* on the ground that the latter was one not against " living men to recover a personal judgment," but against administrators, to recover a demand against the estates of those they represented, and came exactly within the provisions of the statute. In a still later case which arose in Barton county, (*Julian v. Ward,* 69 Mo. 153,) whose statutory provisions touching probate matters were the same as those in the counties of New Madrid and Dade, it was ruled that where a judgment had been rendered against " living men," in the Barton circuit court, and subsequently the record of such judgment was destroyed, and one of the defendants died, that there the circuit court, where the judgment was rendered, was not the proper *forum* in which to proceed to establish the fact of the rendition and destruction of such judgment, but that the probate court had exclusive jurisdiction in the premises, notwithstanding living obligors were joined with the administrator of a deceased obligor, and notwithstanding the statutory provisions relative to supplying records. Gen. St. 1865, p. 183, §§ 14, 15.

But in none of the cases cited were there such pro-

visions in the respective probate acts as those contained in sections 2 and 3, *supra*, respecting the jurisdiction of the Carroll probate court. Those sections put the jurisdiction of that court, in instances like the present, beyond all manner of doubt. In all cases where administrators are " necessarily parties," that court has " concurrent jurisdiction in law and equity with the circuit court;" and it has jurisdiction in all cases against executors and administrators where "debt or assumpsit will lie." *Clark, Governor, v. Murphy*, 1 Mo. 114.

## II.

But granting that the probate court had not jurisdiction, the judgment must be affirmed for the reason that, until an order is made by the probate court for an administrator to pay a demand or a certain portion thereof, no action lies against the administrator. *State to use, etc., v. Modrell*, 15 Mo. 421. No such order was made in this case; the one made only required the administrator to pay fifty per cent on all " unsecured claims in the fifth class." Relator's claim was not of this description. It is unnecessary to pass upon the correctness of this order; if erroneous, perhaps an appeal should have been taken. For the reasons last aforesaid, judgment affirmed. All concur.