THE STATE ex rel. LONGDON, *Plaintiff in Error*, v. SHELBY.

1.  **Action on Administrator's Bond**: PRACTICE. Where a party aggrieved by the acts of an administrator sues upon his bond in his own name, it is proper for the court to permit him to correct the error by substituting the State as nominal plaintiff.

2.  **To** sustain an action on an administrator's bond for non-paymen of a demand allowed against the estate, it is not necessary to show an order of payment by the probate court. It is enough to show assets sufficient in the hands of the administrator and refusal to pay.

3.  ———: JURISDICTION. The circuit and not the probate court has jurisdiction of actions on administrators' bonds.

4.  ———: PROPER PARTY. Where a demand had been allowed against an estate and in favor of a trustee for several persons, and afterward two of these persons assigned their interests, *Held*, that the assignee became the real party in interest, and an action against the administrator on his bond for non-payment of the assigned demand was properly brought in the name of the State upon his relation and to his use.

*Error to Lafayette Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

REVERSED.

This was an action on an administrator's bond. The petition as originally drawn was in the name of John G. Longdon as plaintiff. By leave of court the petition was amended by substituting as plaintiff "the State of Missouri upon the relation and to the use of John G. Long-

don." The petition as amended alleged in substance the execution of a bond in the usual form by the defendant Thomas G. Shelby, as administrator of Wm. Shelby, and by the other defendants as his sureties; that there came into the hands of said administrator assets of said estate of the value of $5,192.82; that the total amount of debts allowed against said estate was $5,192.82, including a debt of $3,592.32 allowed in favor of George Gordon, trustee under the will of Nancy Shelby, deceased, for Elizabeth, Joseph and E. Lafant Shelby, children of said Nancy; that Elizabeth and E. Lafant Shelby, being each entitled to one-third of the foregoing allowance, had assigned their interests to Longdon; that the administrator had failed to keep and perform the conditions of his bond in this, that although he had in his hands assets ample to pay off and discharge in full the allowances against said estate, yet he refused to pay the demand which had been so acquired by said Longdon; that Thomas Shelby, afterward, desiring to resign his trust as administrator, presented his accounts and asked to be allowed to make settlement of them and to be discharged upon paying said Longdon eight per cent of his said demand; that the probate court rejected this application and that no appeal was ever taken from this decision of the probate court, so that it became conclusive and binding upon defendants; and that all other creditors of said estate had received the amounts due them, and that plaintiff's was the only claim that the said administrator refused to settle. To this petition there was a demurrer, alleging (1) that it was not an amended petition but a statement of an entirely different cause of action from that stated in the original petition, because in the original Longdon was plaintiff, and in the amended petition the State of Missouri was plaintiff; (2) that the probate and not the circuit court had jurisdiction of the action; (3) that it failed to show any order of the probate court requiring the administrator to pay Longdon's claim, or to make distribution of the assets; (4) that the suit should have been

instituted at the relation and to the use of Gordon, the trustee for the persons through whom Longdon claimed title and in whose name the allowance was made. This demurrer was sustained and final judgment was entered for defendants.

*Alex. Graves* for plaintiff in error.

*Burden & Son* and *Rathbun & Shewalter* for defendant in error.

## I.

SHERWOOD, C. J.—The amendment to the petition, in the caption thereof, by substituting the words " State upon relation and to use of Jno. Longdon, plaintiff," instead of "John Longdon, plaintiff," was properly admitted.   *Wellman v. Dismukes,* 42 Mo. 104 ; *State v. Sandusky,* 46 Mo. 377; R. S. 1879, § 3567, and cases cited.

## II.

Under the ruling of this court in *State v. Modrell,* 15 Mo. 421, there was no necessity for an order of the probate court for the payment of Longdon's demand, as a condition precedent to bringing suit on the bond.   It was sufficient to show assets ample in his hands to pay the claim and that he had refused to do so.   And this was especially the case, when in addition thereto, the petition also alleged that the claim of Longdon was the only one yet remaining unpaid.

## III.

The second ground of the demurrer was equally valueless.   The circuit court had jurisdiction.   The probate court had none.   This was a suit against " living men," and not a demand against the estate of a decedent.   Therefore, the case of *State v. Maulsby,* 53 Mo. 500, applies, and, therefore, also, that of *Dodson v. Scroggs,* 47 Mo. 285, does not apply.   *State v. Stafford,* 73 Mo. 658.

## IV.

Longdon was the real party in interest; the claim had been assigned to him; and the suit was properly brought in the name of the State and upon his relation. We reverse the judgment and remand the cause. All concur.