WEBER, *Guardian, Appellant,* v. THE CITY OF HANNIBAL.

**Pleading**: AMENDMENT. The judgment in this case reversed because the lower court improperly refused permission to plaintiff to file an amended petition.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEO. BRACE, Judge.

REVERSED.

This action was brought against the city of Hannibal to recover damages in the sum of five thousand dollars for the death of one Barthold Weber by reason of the alleged negligence of the defendant in not properly protecting an excavation made in the limits of one of its streets. The suit was commenced by the appellant, Martin Weber, who in the caption described himself as guardian and curator of the infant children of deceased, and in his petition sets out the fact of his appointment as such, but does not allege that he sues in his capacity as such guardian and curator, or for the use and benefit of his wards; all of the allegations of his petition being in the singular number and made as in his own right, and in its conclusion and prayer appellant says, he was damaged and asked judgment. To this petition a general denial was filed, and upon the issue thus made the case was

called for trial and jury impanelled. Upon the offer of plaintiff to introduce evidence, the defendant objected to the introduction of any testimony under the petition. The objection was sustained. After this an amended petition was filed, in which the minor children of the deceased were made the parties plaintiff, and in which all the allegations are made in the plural and in their own behalf. The amended petition was, upon motion of defendant, stricken from the files, for the reason that in it there was an entire substitution and change of parties plaintiff. To this the appellant excepted, but did not abide by this ruling of the court and take his appeal, but by leave of court re-filed his original petition, to which a demurrer was filed and sustained. Thereupon appellant filed his motion for leave to re-file the amended petition, which was denied by the court, and from this action of the court appealed.

*Thos. H. Bacon* for appellant.

*W. C. Foreman* and *W. H. Russell* for respondent.

SHERWOOD, J.—We are of opinion that the original petition contained sufficient matter to amend by, though somewhat loosely drawn. The title of the petition which is a part thereof under the terms of the statute, section 3511, specifies the names of the parties to the action, which shows by reasonable inference that Martin Weber sues as guardian and curator of the estate of the minors whose names are set forth. In addition, the petition, in the body thereof, sets forth the names of the minors, describes them as "minor co-plaintiffs herein," alleges all the facts showing a right under the statute to authorize a recovery by the minors, and, in addition, refers to the "damage act" upon the provisions of which and the circumstances detailed in the petition, the minors alone by their guardian or next friend could recover. Sec. 3469, R. S., 1879.

Taking the petition then all in all, we think it

furnished a sufficient basis for the desired amendment and that the amended petition did not introduce new parties plaintiff. The mandate of our statute "is that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." Sec. 3546; *Wynn v. Cory*, 43 Mo. 301. And this court, proceeding under the amendatory provisions of our practice act, has favored amendments. Secs. 3567, 3538; *State v. Shelby*, 75 Mo. 482, and cases cited. For this reason the court erred in refusing permission to plaintiff to file the second amended petition, and for this reason the judgment is reversed and the cause remanded. All concur, except Hough, C. J., absent.