TEVIS, Appellant, v. TEVIS' ADMINISTRATOR, Respondent.

1. A. commenced suit against B., the administrator of C., on a promissory
note, of which C. was maker. D. and E., endorsers of said note, were
made co-defendants. On the trial, such instructions were given as preclu-
ded a recovery against the endorsers, or rendered it doubtful; whereupon
plaintiff took a non-suit, and then, after the expiration of a year from the
date of the first letters of administration, presented his claim to the Probate
Court for allowance, as a demand against the estate of C. The demand
was allowed, and placed, against the objection of A., in the sixth class of
claims instead of the fifth. In the suit of A. against B. service of process
was had upon B. within a year from the date of the first letters of admin-
istration. *Held*, that this demand should have been classed in the fifth
class of claims. (SCOTT, J., dissenting.)

*Appeal from St. Louis Circuit Court.*

*N. E. & G. P. Strong*, for appellant.
*P. B. Garesché*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only point in this case regards the proper classification
of the allowance in favor of the plaintiff against the estate.
The record shows that letters of administration upon the estate
of Henry L. Tevis, deceased, were granted to C. C. San-
ders on the 11th day of April, 1853; that in October, 1853,
John Tevis, the present plaintiff, instituted a suit in the Cir-
cuit Court of St. Louis county, returnable to the November

term of said court in the same year, upon the same note which
is the foundation of this present action; that a summons,
with a copy of the note, was duly served upon the adminis-
trator, Sanders, on the 18th day of October, 1853; that the
members of the firm of Tevis, Sons & Co., the endorsers of
the note, were also joined as defendants to the suit in the Cir-
cuit Court; that at the trial of the suit in May, 1854, the
Circuit Court gave instructions which either precluded a re-
covery against the endorsers or rendered it very doubtful.
The plaintiff took a non-suit; and afterwards moved to set it
aside, which motion was overruled: exceptions were filed; and
there the matter rested as to the endorsers, Tevis, Sons &
Co.   There was no dispute as to the liability of the estate of
H. L. Tevis, the maker of the note.   The plaintiff then pre-
sents the note as a demand against the estate of Henry L.
Tevis, in the Probate Court of St. Louis county, at the Sep-
tember term, 1854; the administrator appeared in open court
and waived notice, and the claim was allowed and placed in
the sixth class.   The plaintiff appealed from the judgment and
classification of the Probate Court to the Circuit Court.   His
demand was again allowed and again placed in the sixth class
by the Circuit Court.   To the action of the Circuit Court, in
placing his demand in the sixth class of claims, the plaintiff
excepted, and has appealed to this court.

This point depends upon the construction of our statute of
administration, the 4th and 5th sections of the 4th article of
which are as follows:   Sec. 4.   "All actions commenced
against such executor or administrator, after the death of the
deceased, shall be considered demands legally exhibited against
such estate, from the time of serving the original process on
such executor or administrator."   Sec. 5.   "Any person may
exhibit his demand against such estate, by serving upon the
executor or administrator a notice, in writing, stating the na-
ture and amount of his claim, with a copy of the instrument
of writing or account upon which the claim is founded, and
such claim shall be considered legally exhibited from the time

of serving such notice." The fifth class of claims allowed embraces "all demands without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate." The sixth class, "all demands thus exhibited, after the end of one year, and within two years, after letters granted." Now, was this demand legally exhibited within one year after letters were first granted? The suit was brought on the demand in the Circuit Court, within the first year, beyond all doubt. The service upon the administrator, Sanders, to whom letters of administration were first granted, was duly made, by serving him with a copy of the petition and of the note sued on, within one year from the date of the letters first granted. Now the 4th section above quoted expressly declares that such action shall be considered a demand legally exhibited. This court therefore must consider that the suit brought on this note, within the first year of the administration, was a legal exhibition of the demand against the estate, and, as such, required the court to place it in the fifth class. We do not think that the non-suit taken by the plaintiff in that action, under the instructions given, was a voluntary abandonment of his demand against the estate. Under the 5th section quoted above, we see nothing to prevent a claimant from exhibiting his demand as therein pointed out, and still not present the same for adjudication in court until the expiration of the second year after the first grant of letters, and yet be entitled to have his demand in the fifth class. It does not depend upon the time of the adjudication upon the claim and its allowance; it depends upon the time the claim was legally exhibited against the estate; the exhibition may be within the first year, and the application for allowance made years thereafter. Now I see how the practice has grown up on this subject in the Probate Court. Under the act of 1835, the 5th section of the 4th article of the administration law has the important words, "and that he will present the same for allowance at the next term of the court," included in it. Then the claimant was bound to pre-

sent the demand at the next term after serving such notice; but these words are omitted in section 5th of the 4th article of administration : yet it is not bound to be presented at the next term, but may be in the next or succeeding year.

We are not prepared to say that a voluntary non-suit in the Circuit Court is a voluntary withdrawal of the exhibition of a claim, so as to authorize the Court of Probate to disregard the time of its first exhibition by action. We are inclined to the contrary opinion. In this case, then, the majority of this court is of the opinion that the suit in the Circuit Court was a legal exhibition of the demand against the estate of H. L. Tevis, and that the non-suit therein taken by the plaintiff did not render it a less legal exhibition ; and being thus exhibited within the year after the first letters of administration had been granted on the estate, the Probate Court should have classed it in the fifth class of claims, and that the Circuit Court erred in not thus classing it. The judgment of the Circuit Court is therefore reversed, and the cause remanded, with directions to place the allowance of the plaintiff in the fifth class of claims against the estate of H. L. Tevis, deceased.

Judge Leonard concurring ; Judge Scott dissenting.