HENRY H. WERNSE *et al.*

*v.*

WILLIAM H. HALL, Admr.

*Filed at Mt. Vernon January 18, 1882.*

1. JURISDICTION—*as to suits against executors, etc., in Missouri—judgment void for want of jurisdiction.* By a statute of Missouri it is provided that "all actions commenced against the executor or administrator" of an estate shall be considered "demands legally exhibited against such estate, from the time of serving original process on such executor or administrator." By another statute it was shown that the probate court of Ralls county, and others, had exclusive jurisdiction "to hear and determine all suits and other proceedings against administrators, upon any demand against the estate of their testator or intestate." A judgment was obtained in the circuit court of St. Louis against the administrator of the estate of a person who died a resident of Ralls county, in that State, in which county the administration was had, and the institution of the suit in which that judgment was obtained was claimed as an exhibition of the claim, to save it from the operation of the limitation laws of that State: *Held*, that the judgment, and the whole proceeding in the St. Louis circuit court, were void for want of jurisdiction of the subject matter, and could not be set up to avoid the limitation in a proceeding in this State to recover upon the same demand.

2. LIMITATION—*action barred in another State.** Where a demand against the estate of a deceased non-resident is barred by the laws of the State where he was domiciled at the time of his death, it is equally barred in this State.

3. SAME—*as to demands against estates in the State of Missouri—what is a proper exhibiting of a claim in that State.* The Missouri statute provides that all demands against estates of deceased persons, not legally exhibited within two years after the granting of the first letters of administration, shall be forever barred; and further, that "any person may exhibit his demand * * * by serving upon the executor or administrator a notice in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which it is founded, and such claim shall be considered as legally exhibited, from the time of serving such notice;" but it is also provided that no claimant shall avail himself of this mode of exhibiting his demand, "unless he shall present his demand" to the proper probate court within three years after the granting of the first letters of administration: *Held*, in a proceeding in a county court in this State for an allowance of the

* See *Hyman* v. *Bayne*, 83 Ill. 256, as to the effect of the 20th section of the Limitation act of 1872.

same claim, administration having been granted here, that the presentation of a void judgment of another court to the probate court, not for allowance, but for classification, within the three years, did not take the case out of the operation of the limitation.

4. ADMINISTRATION—*revocation of letters improperly obtained.* Where a person failing to have his claim allowed in the State of an intestate, comes to this State, and on his representation that he is a creditor of the deceased procures letters of administration here, and it is made apparent on the trial of his claim that he is no creditor, it is proper not only to disallow his claim, but also to enter an order revoking the letters of administration.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. DAVID GILLESPIE, for the plaintiffs in error, insisted that the claim was not barred by the statute of Missouri, and that it was duly presented twice within the statutory period.

That the suit in the circuit court of St. Louis county was sufficient to prevent the bar of the statute, see *Tevis* v. *Tevis, Admr.* 23 Mo. 256; *Williams* v. *Anthony, Admr.* 47 id. 299; *North* v. *Walker,* 2 Mo. App. Rep. 174; *Judy et al.* v. *Kelly,* 11 Ill. 211; *Collins* v. *Ayers,* 13 id. 358.

In the lifetime of Abram McPike, the right of action upon the note in question was transitory in its character. Claimants could have followed him into any other State and brought suit against him, and the fact that both parties to the contract resided in and were citizens of the same State, could not be pleaded in bar or abatement of the suit; nor could the pendency of a suit for the same thing, between the same parties, in another State, be pleaded in bar or abatement of the suit. *McJilton* v. *Love,* 13 Ill. 486; *Brown* v. *Joy,* 9 Johns. 221; *Walsh* v. *Durkin,* 12 id. 99; see, also, *Rosenthal* v. *Renick et al.* 44 Ill. 202.

Messrs. WISE & DAVIS, for the defendant in error:

This demand should, by the laws of Missouri, have been presented to the probate court of Ralls county, Missouri, within two years, and not having been presented there in that time, was rejected by the court, and this, by the law of Missouri, is an extinguishment of the debt. *Cones* v. *Ward's Admr.* 47 Mo. 289; *Pearce* v. *Calhoun,* 59 id. 274.

That which is a discharge of a contract in the government where made, is a discharge everywhere. *Powers* v. *Lynch,* 3 Mass. 77; Rev. Stat. Ill. p. 644, sec. 20; *Vermont State Bank* v. *Porter,* 5 Day, 316; *Conpamp* v. *Bund,* 4 Dall. 419; *Hull* v. *Blake,* 13 Mass. 153.

The rule is, where it is the intention of the statute to convert a possession of any given length of time, or a neglect to institute proceedings according to its provisions, into a positive and unavoidable bar, the statute is a bar in the courts of every government. *Blackford* v. *Wade,* 17 Ves. 88; *Shelley* v. *Gay,* 11 Wheat. 361; *Brent* v. *Chapman,* 5 Cranch, 358; *McAllister* v. *Smith,* 17 Ill. 328; *Evans* v. *Anderson,* 78 id. 558.

When ancillary or auxiliary administration has been granted, no creditor outside of the ancillary administration can present his claim before the commission of ancillary administration or the court granting the same. 3 Redfield on Wills, par. 15, chap. 1; *Richards* v. *Dutch,* 8 Mass. 506; *Dawes* v. *Boyleston,* 9 id. 337; *Dawes* v. *Head,* 3 Pick. 128; *Hunt* v. *Fay,* 7 Verm. 183; *Churchill* v. *Bryden,* 17 id. 319.

But even if allowed by our law in some cases, as is intimated in *Bowles' Heirs* v. *Rowen,* 3 Gilm. 421, and in *Rosenthal, Admr.* v. *Renick,* 44 Ill. 207, yet it would never be permitted where administration has been granted on the estate at the domicile of the deceased, and when the claim has been presented there for allowance, as it would avail nothing to non-resident creditors, as the assets realized would be sent to the principal administrator to distribute.

A· voluntary payment by the debtor to the principal admin-istrator, where there is no conflicting grant of domestic let-ters, will discharge the debtor. *Doolittle* v. *Lewis,* 7 Johns. Ch. 49; *Parsons* v. *Lyman,* 20 N. Y. 103; *Treecotheck* v. *Austin,* 4 Mason, 16; *Wilkins* v. *Ellett,* 9 Wall. 740.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is the case of a claim filed by plaintiffs in error against the estate of Abram McPike, deceased, in the county court of Madison county, Illinois.

A promissory note, dated St. Louis, December 23, 1872, was made and signed by Leiper & Co. as makers, for the sum of $3000, payable sixty days after date, at the Traders' Bank of St. Louis, to the order of A. McPike. This note, before maturity, was indorsed in blank by A. McPike, and sold, and became the property of the bank. It appears from the record that A. McPike was a resident of Ralls county, Mis-souri, and that he died intestate early in January, 1873, and. before the maturity of the note, and that Henry C. McPike, a resident of Missouri, was appointed, by the county court of Ralls county, administrator of the estate of A. McPike, deceased, and received letters of administration on the 28th of January, 1873. The note was not paid at maturity, and the same was duly protested for non-payment, on February 24, 1873, and notice thereof mailed to the administrator.

This claim against the estate of Abram McPike rests upon his supposed liability as indorser of that note. His estate in Missouri is shown to have been entirely solvent. The defence interposed is a statute of Missouri, which provides that all demands against estates of deceased persons, not legally exhibited within two years after the granting of the first letters of administration, "shall be forever barred." It is insisted that this claim is barred by that statute.

The statute of Missouri provides several modes in which a claim may be thus "legally exhibited," and in addition to

other modes, not claimed to apply in this case, the following are mentioned in the statute: "All actions commenced against the executor or administrator * * * shall be considered demands legally exhibited against such estate, from the time of serving of original process on such executor or administrator." And again: "Any person may exhibit his demand * * * by serving upon the executor or administrator a notice in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally exhibited from the time of serving such notice;" but it is also provided that "no claimant shall avail himself" of this latter mode of exhibiting his demand "unless he shall present his demands to the court (the proper county court), in the manner provided by law, *for allowance*, within three years after the granting of the first letters on the estate."

It is shown that in June, 1873, an action was begun in the circuit court of St. Louis against this administrator, upon this indorsement, and that a copy of the writ and petition was served upon him July 5, 1873, and judgment rendered against him on October 16, 1873, and it is claimed by plaintiff in error that this was a "legal exhibiting" of his demand, from the time of the service of process. It is, however, shown that by the statutes of Missouri the probate court of Ralls county (and of certain other counties specially named) had *exclusive* jurisdiction "to hear and determine all suits and other proceedings against administrators, upon any demand against the estate of their testator or intestate." This act took away expressly the jurisdiction in such matters from the circuit court of St. Louis. It was so held in *Dodson* v. *Scroggs*, 47 Mo. 285, and again in *Cones* v. *Ward*, page 289 of same volume, where it is said that parties can not, by consent, give that court jurisdiction.

We have been referred to *Tevis* v. *Tevis*, 23 Mo. 256, as holding otherwise. This question did not arise in that case. The claim in that case was against an estate in course of administration in the county of St. Louis. That county is not mentioned in the act giving *exclusive* jurisdiction to the probate court of Ralls county, and certain other counties. The circuit court of St. Louis being without jurisdiction in this matter, the whole proceeding was *coram non judice*, and inoperative. There was no service of process in a judicial proceeding. It was in no sense a judicial proceeding, for the court had no jurisdiction of the subject matter.

It is contended that the claim was legally exhibited by service of a written notice of the nature and amount of the claim, and a copy of the note and indorsement on which the claim is founded, in this, that the notice of protest was such a notice; and again, in this, that the service of a copy of the petition in the circuit court of St. Louis constituted such notice. The difficulty about this position is, that even if such proceedings be regarded as such notice, the statute says no claimant can avail himself of this mode of "legally exhibiting his claim, unless he shall present the same *for allowance*, to the proper probate court, within three years of the issue of the first letters of administration." In this case no claim upon this indorsement was presented in the probate court of Ralls county until in the year 1877,— more than four years after the date of the first letters of administration. It is true, a copy of the void judgment of the circuit court of St. Louis was presented to the probate court of Ralls county, April 15, 1874, *for classification*, but it was not presented *for allowance*. No application was made to have the claim allowed, and had it been then presented for allowance, it may well be doubted whether the demand upon the judgment should be regarded as identical with the demand upon the indorsement of the note. We think this

claim was barred by the laws of Missouri. If so, under our statute, the demand is barred here.

Failing to get this claim, or that upon the void judgment, allowed in the courts of Missouri, plaintiff in error came to this State, and upon his representation that he was in fact a creditor, procured letters of administration to be issued to defendant in error, as administrator of this estate, in the county of Madison, where lies real estate belonging to the estate. When it was made apparent upon the trial that plaintiff in error was not a creditor, it was proper to not only disallow the claim, but also to enter an order revoking the letters of administration, as was done in this case.

The judgment of the Appellate Court in this case is therefore affirmed.

*Judgment affirmed.*