WERNSE *et al.*, *Appellants*, v. McPIKE.

1. **Jurisdiction in Probate Cases.** The act of March 19th, 1866, establishing probate courts in Ralls and certain other counties invested them with exclusive jurisdiction of suits against the estates of deceased persons, commenced after their death; and the fact that a living person was jointly liable with a decedent did not authorize the circuit court to take jurisdiction.

2. ——— : NOTICE OF DEMAND. Without notice to the administrator, a void judgment against an estate was presented to the probate court and was by that court assigned to the fifth class of allowed demands. *Held,* that this did not constitute a valid allowance of the claim, and the administrator properly disregarded it in making distribution.

3. ———: ———.  The serving of process in a suit against an administrator instituted in a court having no jurisdiction, cannot be regarded as valid notice to the administrator of the exhibition of the demand sued on.

*Appeal from Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

.AFFIRMED.

The Trader's Bank of St. Louis held a note made by Leiper Bowling & Co., and indorsed by Abraham McPike. Abraham McPike died, and Henry C. McPike qualified as administrator of his estate, in the probate court of Ralls county.  The note being unpaid was duly protested, and the bank brought suit on it in the circuit court of St. Louis county against Leiper Bowling & Co. and Henry C. McPike, administrator.  The former resided and the latter was found and all were personally served in St. Louis county. In due time judgment by default was entered against all the defendants.  Thereupon a' transcript of the record was filed in the probate court of Ralls county, and the judgment duly exhibited and placed in the fifth class, from which no appeal was taken.  The administrator subsequently filed a petition for an order of sale of the realty, to pay debts, and in that petition, included in the list of allowed demands this claim as due by and established against the estate as a fifth class demand.  The judgment was subsequently assigned to plaintiffs, Wernse and Haeussler.  The administrator having failed to pay any part of it, whilst he was paying other fifth and sixth class claims in full, plaintiffs filed a motion in the probate court to compel payment.  This motion was denied, the probate court holding that the judgment was void for want of jurisdiction in the St. Louis circuit court to render it.  Plaintiffs appealed to the circuit court of Ralls county, where the judgment was affirmed, and thence to this court.

*Broadhead, Slayback & Haeussler* for appellant.

*Chas. A. Winslow* for respondent.

NORTON, J.—It is provided in section 6 Laws 1865–6, page 84, that the probate court of Ralls county shall "have

1. JURISDICTION IN PROBATE CASES.

exclusive original jurisdiction    *    * to hear and determine all suits and other proceedings instituted against executors and administra‑ tors upon any demand against the estate of their testator or intestate subject to appeals in all cases to the circuit court." It has been held by this court in the following cases, in construing the above language in the above act, establishing certain probate courts, of which the probate court of Ralls county was one, that it divested circuit courts of all jurisdiction to render a judgment upon any demand against the estate of a deceased person in a suit commenced after the death of an intestate against his administrator. *Wernecke v. Kenyon,* 66 Mo. 275 ; *Dodson v. Scroggs,* 47 Mo. 285 ; *Cones v. Ward,* 47 Mo. 289. And the fact that a living person was jointly liable with the deceased would not authorize the circuit court to take jurisdiction. *Julian v. Ward,* 69 Mo. 153. It, therefore, follows from what has been stated that the judgment rendered by the circuit court of St. Louis county in favor of the Trader's Bank against Henry C. McPike, administrator of Abraham McPike, was void, because the said court had no jurisdiction of the subject matter of the suit.

The record shows that the judgment thus rendered was presented to the probate court of Ralls county and was

2. ——: notice of demand.

classified by being put in the fifth class of demands, and that the administrator, subsequent to such classification, in a petition to the probate court to sell real estate, mentioned it as a demand of the fifth class against the estate. It further appears that said judgment was presented to said court and classified without any notice to the administrator and without notice having been waived by him. Further than this classifica-

tion it does not appear that it was allowed as a demand before it was classified.

The said judgment of the circuit court being void was nothing, and no right could be founded on it.   Taking the most favorable view possible for plaintiff, and the one which his counsel insists is the correct one, viz. : that the classifi-cation of the judgment was equivalent to and was in fact a judgment of allowance, we must nevertheless hold the judgment of the probate court to be void for want of juris-diction.   While it had jurisdiction of the subject matter of demands against the estate in the case presented, it had no jurisdiction of the administrator, he neither having had notice of the presentation of the judgment nor hav-ing waived such notice.

Counsel insist that the judgment of the probate court should have been appealed from.   How could the admin-istrator appeal from a judgment rendered in a proceeding of which he had no notice ?   Before the jurisdiction of the probate court could be brought into exercise in allowing a demand against the estate, the administrator should first have been brought before it by notice or waiver of notice as required by the statute.

The case of *Walker v. North*, 66 Mo. 453, has been cited as an authority to establish the fact that the service of the summons in the suit instituted in the St. Louis circuit court was a sufficient notice of the exhibi-tion of the demand.   In the case cited the note was taken before the probate court while in session, the executor ap-peared and waived all objections, and the allowance of the claim was simply postponed by the court because it was not then due.   This, in connection with the other circum-stances in that case, was held to be a sufficient exhibition of the demand.   In the case in hand no step whatever was taken in the probate court till after the rendition of the judgment by the circuit court of St. Louis county, which, as we have seen, had no jurisdiction ; and the only step

then taken was on the said judgment without notice to the administrator.

Judgment affirmed, with the concurrence of the other judges, except SHERWOOD, C. J., who dissents.