86 565
116 151
86 565
s100 476
158 523

WERNSE *et al.*, *Plaintiffs in Error*, v. McPIKE.

**Administration**: NOTICE OF EXHIBITION OF DEMAND: LIMITATION
While the service of process in a suit against an administrator, instituted in a circuit court having no jurisdiction, cannot be regarded as a valid notice to the administrator of the exhibition of the demand sued on, and while a judgment of said court and a classification of the same in the probate court are nullities, still if the demandant acted in good faith and the validity of the judgment was recognized for a long time by both parties, and until the invalidity of the judgment, at the instance of the administrator, was established by judicial action, then, in such case, a new notice of the presentation of the demand in the probate court will be regarded as an amendment by the substitution of the note as the basis of the demand, instead of the circuit court judgment and the administrator will not be permitted to interpose the statutory bars, and this, although the notice of the exhibition of the demand was given, and the presentation of the latter for allowance was made some five years subsequent to the granting of the administration letters.

*Error to Ralls Circuit Court.*—HON. THEODORE BRACE, Judge.

REVERSED.

*Broadhead & Hauessler* and *W. H. Biggs* for plaintiffs in error.

(1) The claimants having been misled by the action of the Ralls probate court in classing the judgment of the St. Louis circuit court, on personal appearance of admin-

istrator, their claim was not, under those circumstances, barred against the estate for want of presentment of original note within the two years. *Fenn v. Dugdale,* 31 Mo. 580 ; *Tevis v. Tevis,* 23 Mo. 256 ; *Williamson v. Anthony,* 47 Mo. 299 ; *Pfeiffer v. Suess,* 73 Mo. 248; *Boone v. Shackelford,* 66 Mo. 493 ; *North v. Walker,* 66 Mo. 453. (2) The claimants, by reason of the error of the court allowing and classing the judgment, instead of the original demand, and the administrator being at the time personally present, and making no objection until two years had elapsed, cannot now prevent the claimants from having the original note allowed and sharing in the distribution of the estate. (3) The administrator, having had notice of claimants' demand within the two years fixed by law, both by service of writ and petition in the St. Louis circuit court, as well as personally appearing in the probate court when demand was presented for allowance and classified, is estopped from now being permitted to plead limitations, and thus by a technicality defeat the plaintiff 's demand from any participation in the estate.

*Smith & Krauthoff, W. P. Harrison* and *J. P. Wood* for defendants in error.

(1) The serving of process in the St. Louis circuit court, which had no jurisdiction, cannot be regarded as a valid notice to the administrator of the exhibition of the demand sued on in this case. *Wernse v. McPike,* 76 Mo. 249 ; *Wernse v. Hall,* 101 Ill. 423. Even if legal notice had been given to the administrator, or he had waived the same, still an allowance of the claim was barred at the time of its presentation for that purpose on May 2, 1879. (2) Plaintiffs could only exhibit their claim against said estate in the manner indicated by the statute, and this they have wholly failed to do. *Pfeiffer v. Suess,* 73 Mo. 245, 254 ; *Burton v. Rutherford,* 49 Mo.

258; *Richardson v. Harrison,* 36 Mo. 96; *Bryan v. Mundy,* 14 Mo. 458. (3) This is not a proceeding in equity, but it is an action at law to recover a judgment. Allowances are in effect judgments at law. *Smith v. Sims,* 77 Mo. 269. This is not an action for equitable relief on the ground of fraud, deceit or mistake, and the principles of equity jurisprudence applicable to such cases cannot be invoked here. (4) The classification of the void judgment was a nullity for want of jurisdiction in the probate court. The action of the parties and the probate court in respect to such classification stands as if it had never taken place. 9 Mo. 259; 55 Mo. 363; 4 Mo. App. 541; 58 Mo. 90. (5) The void character of the entry of March, 1874, is *res adjudicata.* 68 Mo. 546, 551; 75 Mo. 282, 283; 76 Mo. 38, 50, 51; 62 Mo. 338, 339. The case is precisely the same as when here before.

NORTON, J.—It appears from the record in this case that Abraham McPike was the endorser on a note for three thousand dollars, dated the twenty-third of December, 1872; that he died before the maturity of the note, and letters of administration were granted on his estate to defendant, H. C. McPike, on the twenty-eighth day of January, 1873; by the probate court of Ralls county; that payment of said note was, at its maturity, demanded, which being refused, it was duly protested, of which the defendant as administrator was duly notified; that thereafter suit was instituted in the circuit court of St. Louis county on said note against said defendant as said administrator, and all other parties thereto, of which said administrator had personal notice, by service upon him of a copy of the petition and note; that final judgment was afterwards rendered in said cause against all the parties; that thereafter, at the April term, 1874, of the probate court of Ralls county a copy of said judgment was presented for classification

and was, without objection of defendant, placed in the fifth class of demands; that this was recognized and treated by defendant, as well as by plaintiff, as a proper exhibition and classification of said claim, till the twelfth day of December, 1877, when said probate court set aside and annulled the order classifying said demand, which action of said probate court was approved by the circuit court of Ralls county, in 1879, and which action of the circuit court was affirmed by this court in the case of *Wernse v. McPike*, 76 Mo. 249, at its October term, 1882, on the ground that the circuit court of St. Louis county had no jurisdiction of the cause of action, as against the administrator, in which the judgment was rendered.

It also appears that on the nineteenth day of March, 1879, plaintiffs gave defendant a written notice containing a copy of the said note, notifying him that on the second Monday of May, 1879, they would present the said note for allowance against the estate. The probate court held that the said claim was barred by limitation, and refused to allow it; which judgment, on appeal to the Ralls county circuit court, was affirmed, and it is from this judgment that plaintiffs prosecute their writ of error, and the sole question presented for determination is whether, under the facts and circumstances of this case, the administrator can interpose the statutory bar of limitation, and whether, in contemplation of law, the demand of plaintiffs was exhibited to the administrator within two years after letters were granted, and presented to the probate court for allowance within three years after grant of such letters.

The law in force at the time the proceedings were had in this case is to be found in sections two, five, six and fifteen, Wagner's Statutes, volume 1, pages 102, 104. Section two provides that all demands not exhibited within two years shall be barred. Section five provides that any person may exhibit his demand by serving the

administrator with a written notice, stating the nature
and amount of his claim, with a copy of the instrument
of writing or account on which the claim is founded,
and that such claim shall be deemed to be legally ex-
hibited from the time of serving such notice. Section
six provides that no person shall claim the benefit of
section five unless he shall present his demand for allow-
ance within three years after the granting of the first
letters of the estate. Section fifteen provides the kind
of notice to be given when a demand is to be presented
for allowance. The liability of the estate for the pay-
ment of the demand in question is predicated on the fact
that McPike, deceased, was the endorser on a note, of
the protest of which for non-payment the defendant, as
his administrator, was duly notified.

The facts disclosed by the record show that soon
after the protest and within the first year of the admin-
istration, suit was instituted upon the note in the circuit
court of St. Louis county, of which the administrator was
notified, which terminated in a judgment against him;
that this judgment was thereafter, in 1874, and within
two years after the grant of letters, presented to the
probate court of Ralls county for classification and put
in the fifth class of demands. This judgment and clas-
sification was treated by the administrator and the plain-
tiffs as a valid proceeding, and was in good faith relied
upon till in 1877, when plaintiffs instituted a proceeding
in said probate court for its payment, the administrator
appeared and resisted the payment on the ground that
the judgment rendered by the circuit court of St. Louis
county was void, because said court had no jurisdiction
of it, and that the classification of such judgment was,
therefore, a nullity. The point thus made was sustained
by the probate court, and on appeal to the circuit court
the action of the probate court was approved by the
judgment of said circuit court rendered in 1879; which
judgment on appeal to this court was affirmed at its Oc-

tober term, 1882, on the ground that the judgment of the circuit court of St. Louis county was a nullity and that no right could be founded on it.

During these proceedings plaintiff filed in the probate court the following notice:

" *To H. C. McPike, Administrator of Abraham Mc-Pike* :

"Take notice that we are the owners and holders of a note, described in the words and figures as follows:

"ST. LOUIS, December 23, 1872.

"Sixty days after date we promise to pay to the order of A. McPike, three thousand dollars, for value received, payable at the Traders' Bank, St. Louis, with 10 per cent. interest per annum from maturity.

"LEIPER, BOWLING & COMPANY.

"Which note was endorsed by A. McPike and by Leiper, Bowling & Company, and was protested by Wm. Hammel, notary public, Febuary 24, 1873, and which note was shown and exhibted to you prior to August, 1873, and which note was sued upon in the circuit court of St. Louis county, state of Missouri, on March 19, 1873, in favor of Traders' Bank, against the makers and yourself, as administrator of Abraham McPike, and a copy of the petition, containing a full description of said note, was served upon you, with a copy of writ, July 5, 1873, by sheriff of St. Louis county, Missouri, and in which case judgment was, subsequently, on October 16, 1873, by said court rendered against all the defendants; and which judgment was, subsequently, on April 15, 1874, duly presented to the Ralls county probate court, and then and there entered and allowed as a fifth-class demand against said Abraham McPike's estate, from which no appeal was ever taken, and which judgment has since been assigned to us and said note delivered to us, and we are now the legal holders and owners of said note and judgment in

the circuit court of St. Louis county, and the classifica-
tion by the probate court of Ralls county, we do hereby
give you notice that we will, on second Monday of May,
1879, or as soon thereafter as we can be heard, present to
the probate court of Ralls county, Missouri, the above
described original note for allowance against the said
estate of Abraham McPike.

                         " Yours,
                         . " HERMAN A. HAEUSSLER,
                         " HENRY H. WERNSE."

In view of the facts disclosed by the record before
us, viz. : that letters of administration were granted de-
fendant on the twenty-eighth of February, 1873'; that the
note was protested, of which defendant was duly notified
soon after he qualified as administrator ; that defendant
was served on the fifth of July, 1873, with a copy of the
writ, petition and note in the action commenced on said
note in the circuit court of St. Louis county ; that judg-
ment was rendered in said suit in October, 1873, which,
on the fifteenth of October, 1874, with a full copy of the
proceedings in said suit, including a copy of the note,
with proper affidavit, was presented to the probate court
in the presence of defendant, and put in the fifth class of
demands ; that such action of the court in classifying
the demand was not questioned by the administrator till
in 1877, when plaintiffs sought to enforce its payment,
but on the contrary its validity was recognized by him,
by his filing on the fourteenth day of November, 1875,
in the probate court for an order for the sale of real estate
to pay the debts against the estate, among which was in-
cluded in his petition the judgment of plaintiffs as
classified ; and it was, also, further recognized by
several letters of defendant in evidence written to one of
plaintiffs between the thirtieth of June, 1876, and
November, 1876, from which it appears that plaintiffs
were urging payment, and defendant was asking in-

dulgence and time, proposing to pay with the real estate which he had been authorized to sell privately, never calling in question the validity of the debt or the proceedings had to establish it. In view of these facts and the further fact that when, in 1877, the defendant for the first time, in resisting an order, applied for by plaintiffs, for the payment of their claim assailed the proceeding classifying it as invalid, and the further fact that during the pendency of the litigation growing out of this resistance and as soon as the judgment of the circuit court was rendered in 1879, pronouncing the action of the probate court, in classifying the judgment of the St. Louis circuit court invalid, plaintiffs at once gave the notice hereinbefore quoted. We feel justified in holding that it would be unjust, inequitable and contrary to the spirit of the administration law to allow the administrator to interpose the statutory bar, on the technical ground that the strict letter of the law was not pursued, although in spirit and essence it was complied with, and for this ruling precedents can be found in the cases of *North v. Walker*, 66 Mo. 453; *Tevis v. Tevis*, 23 Mo. 256; *Malloy v. Lawrence*, 31 Mo. 583; *Williamson v. Anthony*, 47 Mo. 299.

In the case last cited an administrator presented to the probate court a claim against the estate of which he was the administrator; the court passed upon it and allowed it against the estate without appointing a suitable person to appear and manage the defence, as the statute required. Four years afterwards the error in the allowance being discovered, the claim being again called up for allowance was rejected on the ground that it was barred by statute. This judgment of the probate court was reversed by this court, it being observed in the opinion: "The first proceeding, so far as the judgment was concerned, was clearly irregular, and perhaps void. But it does not necessarily follow that it will in no manner avail the plaintiff. It shows that he acted

in good faith, that he brought his demand into court, and the vice of the judgment is less his fault than that of the court. * * * Admitting that the administrator, like others, is limited to two years to exhibit his demand, the only question is whether the original irregular proceedings amounted to such exhibition. We think in common justice it ought to be so considered. While men must be held responsible for their ignorance of the law, and will not be excused for disregarding its provisions, still their errors, when acting in good faith, will be viewed with liberality, and a substantial compliance be held sufficient." So in case of *Tevis v. Tevis, supra,* when a notice was given that a demand founded on an account would be presented for an allowance, it appearing in the case that the demand in fact was founded on a note and not an account, it was held that plaintiff could amend his notice, and the judgment was reversed and cause remanded in order that he might do so.

Under this ruling the notice given in March, 1879, during the pendency of the litigation growing out of the proceedings had in the probate court in 1874, may be regarded as an amendment by the substitution of the note as the basis of the demand, instead of the judgment rendered upon it by the St. Louis county circuit court. So in the case of *North v. Walker, supra,* while the statute was not in strict letter complied with, it was held that the statutory bar would not apply, inasmuch as in substance and spirit it had been complied with.

Judgment reversed and cause remanded, to be proceeded with in conformity to this opinion. All concur.