WERNSE *et al.* v. McPIKE, *Administrator, Appellant.*

1. **Jurisdiction**: ST. LOUIS COUNTY CIRCUIT AND PROBATE COURTS. The provisions of General Statutes, 1865, pages 900, 901, conferred on the probate and circuit courts of St. Louis county concurrent jurisdiction of demands against the estate of a decedent where the demand exceeded the sum of one hundred dollars.

2. ———— : ————. Said circuit court of St. Louis county had jurisdiction to serve process on and render judgment against an administrator defendant appointed by the probate court of Ralls county, he being found in St. Louis county. (*Wernse v. McPike,* 76 Mo. 249, *overruled.*)

3. **Probate Court**: CLASSIFICATION OF JUDGMENT AGAINST DECEDENT. Where such judgment was rendered in the circuit court against the administrator on the intestate's note, the filing of the judgment in the probate court of Ralls county for classification was sufficient without formal presentation for allowance on notice, as in case of ordinary demands against a decedent's estate. (*Bryan v. Mundy,* 14 Mo. 458, and *Ewing v. Taylor,* 70 Mo. 394, *disapproved* and *Carondelet v. Desnoyer,* 27 Mo. 37, and *Gibson v. Vaughan,* 61 Mo. 418, *sanctioned and affirmed.*)

4. ———— : MERGER IN JUDGMENT. Where a valid judgment has been rendered on a note of a decedent, the note is no longer a demand to be presented for allowance; it is destroyed by merger in the judgment.

5. ———— : ALLOWANCE OF DEMANDS. The statutory requirements as to exhibitions of demands to the administrator and as to their presentation for allowance must be complied with to render the allowance valid.

6. ———— : ————: NOTICE OF DEMAND. The decision in *Wernse v. McPike,* 86 Mo. 565, overruled which held that under the peculiar circumstances of the case the service, in a suit on the decedent's note in the St. Louis circuit court, of the process of said court on the administrator appointed by the probate court of Ralls county and found in St. Louis county was sufficient notice of the presentation of the note five years afterwards for allowance in the Ralls probate court.

7. **Judgment of Court of Sister State**: RES JUDICATA. The judgment of a court of another state that plaintiffs' action on a note was barred by the laws of this state, because not exhibited to the administrator nor presented for allowance in time, is a bar to an action on the note in this state.

Wernse v. McPike, Adm'r.

*Appeal from Ralls Circuit Court.*—Hon. Theodore Brace, Judge.

Reversed and remanded.

*Silver & Brown* for appellant.

(1) The judgment of the circuit court of St. Louis county on the note was void, and its classification in the probate court of Ralls county, and all the proceedings in reference to it in said court nullities. *Wernse v. McPike*, 76 Mo. 249. (2) The note was not presented to the probate court for allowance and notice thereof to the administrator until May, 1879, more than six years after the grant of letters, and the demand was barred by the statute. 1 Wag. Stat., p. 102, secs. 2, 5 and 6, and p. 104, sec. 15; *Garesché v. Lewis*, 93 Mo. 197; *Pfeiffer v. Suss*, 73 Mo. 245; *Burton v. Rutherford*, 49 Mo. 258; *Richardson v. Harrison*, 36 Mo. 96; *Bryan v. Mundy*, 14 Mo. 458; *Wernse v. Hall*, 101 Ill. 423. (3) After the bar of the statute had attached, the administrator could not, by any recognition or acknowledgment of the demand, remove the bar or revive the claim. *Smarr v. McMaster*, 35 Mo. 351; *North v. Walker*, 66 Mo. 463; *Cape Girardeau County v. Harbison*, 58 Mo. 90. (4) Proceedings on demands in probate courts are actions at law and allowances are judgments at law, and principles applicable to suits in equity cannot be invoked in this action. *Smith v. Sims*, 77 Mo. 269; *Bauer v. Gray*, 18 Mo. App. 164. (5) The judgment of the circuit court of Madison county, Illinois, on appeal from the county court of said county, and of the appellate and supreme courts of said state, were a bar to any further prosecution of the demand in the courts of this state, and it is, therefore, *res judicata.* Const. of U. S., art. 4, sec. 1; *Mills v. Duryee*, 7 Cranch, 481; *Hampton v. McConnell*, 3

Wheat. 234; *McElmoyle v. Cohen*, 13 Pet. 312; 1 Grlf. Ev. [Redf. Ed.] sec. 534 and note; 2 Kent's Com. [11 Ed.] top pp. 96, 97; *Offutt v. John*, 8 Mo. 120; Bigelow on Estoppel [4 Ed.] 37; 1 Herman on Estoppel, secs. 99, 100, 111; Freeman on Judgments, sec. 272; *Embury v. Conner*, 3 Comstock, 522; *Louis v. Brown Township*, 109 U. S. 167; *Caldwell v. White*, 77 Mo. 471; *Shelbina, etc., v. Parker*, 58 Mo. 327; Wells on Res Adjudicata, sec. 530, p. 471; *Bank v. Brown*, 50 Me. 214; *Whiting v. Burger*, 78 Me. 287; *McGilroy v. Avery*, 30 Vt. 538; *Rogers v. Odell*, 39 N. H. 452; *Goodall v. Marshall*, 14 N. H. 161; *Lomas v. Hilliard*, 60 N. H. 148.

*D. H. McIntyre* with *J. O. Broadhead* for respondent.

(1) The court committed no error in refusing the first instruction asked by defendant, to the effect that plaintiff's demand was barred by the statute. The notice served on the defendant March 19, 1879, pending the litigation was an amendment of the notice previously given by the substitution of the note in the place of the judgment of the St. Louis circuit court, as the basis of the demand. It was, therefore, a substantial compliance with the statute, and fulfilled its requirements. *Tevis v. Tevis*, 23 Mo. 256; *Fenn v. Dugdale*, 31 Mo. 580; *Williamson v. Anthony*, 47 Mo. 299; *North v. Walker*, 66 Mo. 453; *Boone v. Shackelford*, 66 Mo. 493; *Wernse v. McPike*, 86 Mo. 565. (2) Plaintiffs have acted with perfect good faith from the beginning, and have persevered in a diligent effort to have their claim allowed, and in common justice they are entitled to an affirmance of their judgment. *Williamson v. Anthony*, 47 Mo. 299. (3) The judgment of the St. Louis circuit court was presented for allowance and classification to the Ralls county probate court on April 15, 1874, less than fifteen months from the date of

publication of the letters, the administrator was personally present in court, and made no objection to the classification and allowance of the demand. He cannot, therefore, now consistently, with good faith and justice, be heard to make an objection which he could have made at that time, but did not. *Boone v. Shackelford*, 66 Mo. 493; *VanRenselar v. Kearney*, 11 How. 297; *Buckingham v. Hanna*, 2 Ohio St. 551; 2 Sm. Lead. Cases [7 Am. Ed.] 672. (4) (*a*) The judgments of the Illinois courts could have rested upon the other grounds stated in the defendant's motion in the Madison county court to dismiss plaintiff's petition, and revoke the letters of administration, and was in fact expressly so done, by the circuit court. Wells Res. Adjudicata, sec. 226; *Burlen v. Shannon*, 99 Mass. 202; *Dickinson v. Hayes*, 31 Conn. 423; *Jackson v. Wood*, 3 Wend. 27; *Lawrence v. Hunt*, 10 Wend. 80. (*b*) There is no *res adjudicata*, because it does not appear that the finding and judgment of the circuit court necessarily involved the statute of limitations. *Packet Co. v. Sickles*, 5 Wall. 592; Wells, Res Adjudicata, sec. 3. (*c*) It does appear that it could have been and was decided without involving limitation. *Packet Co. v. Sickles*, 5 Wall. 592; Wells, Res Adjudicata, sec. 12. (5) *Res judicata* cannot be urged in this case for the reason that the service on the administrator of the amended notice of March 19, 1879, and the proceedings thereon in the probate court, the Ralls county circuit court, and the supreme court of this state, make a case essentially different in its issues and facts, from the case presented in the Illinois courts. *Spurlock v. Railroad*, 76 Mo. 67. (6) When there is a decision and reversal, and after a second trial the cause comes up on a second appeal, the court will not reconsider, nor, in general, even enlarge upon or explain the reasons which induced the decision before announced. Wells, Res Adjudicata, sec. 617; *Kibler v. Bridges*, 5 S. C. 335; *Chouteau v. Gibson*, 76 Mo. 38; *Keith v. Keith*, 97 Mo. 223.

SHERWOOD, J.—The Traders' Bank of St. Louis held a note for thirty-two hundred dollars made by Leiper Bowling & Co., and indorsed by Abraham McPike. Abraham McPike died, and Henry C. McPike qualified as administrator of his estate, in the probate court of Ralls county, January 28, 1873. The note being unpaid was duly protested, and the bank brought suit on it in the circuit court of St. Louis county against Leiper Bowling & Co. and Henry C. McPike, administrator. The former resided and the latter was found, and all were personally served in St. Louis county on the fifth of July, 1873. In due time judgment by default was entered against all the defendants October 16, 1873. Thereupon a transcript of the record was filed in the probate court of Ralls county, and the administrator being present, as the record recites, the judgment was duly exhibited and placed in the fifth class on the fifteenth of April, 1874, from which classification no appeal was taken.

The administrator subsequently filed a petition for an order of sale of the realty, to pay debts, and in that petition included in the list of allowed demands this claim as due by and established against the estate as a fifth-class demand. The judgment was subsequently assigned to plaintiffs, Wernse and Haeussler. The administrator having failed to pay any part of it, whilst he was paying other fifth and sixth-class claims in full, plaintiffs filed a motion in the probate court to compel payment. This motion was denied, the probate court holding that the judgment was void for want of jurisdiction in the St. Louis circuit court to render it. Plaintiffs appealed to the circuit court of Ralls county, where the jugdment was affirmed, and thence to this court where the judgment of the circuit court was also affirmed. 76 Mo. 249. This was done November 27, 1882. Several letters appear by the record to have been written by the administrator to plaintiff Haeussler at

various times and from different places extending from the date of the first, June 30, 1876, to November 2, 1877. In all of these letters except the last the administrator talks about compromise and settlement; he suggested at one time payment in land; at another time a house and lot in Louisiana, which he recommends as well worth the whole debt.

On the same day on which the appeal was taken in the cause just mentioned, to the circuit court, to-wit, on the twelfth day of December, 1877, both parties being present in the probate court, the plaintiffs presented the note, upon which the judgment aforesaid was based, for allowance, and the cause was continued to January 16, 1878, and again continued, and on the fourteenth day of March, 1878, plaintiffs dismissed their cause, and *withdrew the note and other papers.* February 26, 1878, plaintiffs petitioned the county court of Madison county, Illinois, for letters of administration on the estate of Abraham McPike, deceased, stating in their petition in substance that they were creditors of the deceased, in what manner, and to what extent, that their debt remained due and unpaid, that deceased had a large amount of real and personal property in said county and that no letters of administration had ever been granted to said estate in said county.

Letters were granted on the second day of April, 1878, and, on the fifth day of July following, the administrator, H. C. McPike, appeared in court and filed the following motion: "And now at this day comes H. C. McPike, the administrator of the estate of Abraham McPike, in the state of Missouri, and who is the original and principal administrator of said estate, and in his own behalf, as well as in behalf of the heirs of said Abraham McPike, moves the court to dismiss the suit and rescind the letters of administration granted William H. Hall, public administrator of Madison county, for the following reasons, viz.:

"That the claim of Herman Haeussler, upon whose petition letters of administration were granted, is barred by the laws of the state of Missouri.

"That the said Haeussler was at the time of the death of said Abraham McPike a citizen and resident of the state of Missouri, in which was intestate's domicile at the time of his death, and must recover his claim under the laws of Missouri, if at all.

"That all the personal property of the said Abraham McPike in the state of Illinois had all been collected and paid over to the principal administrator before the grant of administration in this state, and at the time when said grant of administration was made there was no personal property in the state of Illinois, belonging to the estate of said Abraham McPike."

On the following day the court, passing on this motion, dismissed plaintiff's suit and revoked the letters; thereupon an appeal was taken to the circuit court of Madison county, where the judgment was affirmed, and it was also affirmed in the appellate and supreme courts. On the twenty-second of November, 1878, this appeal was heard in the circuit court; parties all present and consenting, the cause was heard by the court without a jury. The record shows the finding of the court to be as follows : "Does find from the evidence in this cause that Abraham McPike, deceased, was at the time of his death a resident of the county of Ralls, in the state of Missouri, that letters of administration were very shortly after his death granted, by the county court of said Ralls county, to H. C. McPike, the brother of the deceased; that due notice of the grant of letters of administration and of notice to creditors was given by said administrator in said state of Missouri, as required by the laws of said state; that said plaintiffs were before, and at the time of, the death of said Abraham McPike, and ever since have been residents of the state of Missouri; that the plaintiffs presented

their claim against said estate before the probate court in Missouri, and the said claim is now being litigated in the state of Missouri; that the estate of said Abraham McPike is solvent and is in due course of administration in the state of Missouri; that said Abraham McPike left no creditors in the state of Illinois, and has no personal property in the state of Illinois, except an interest in a partnership in Alton, Illinois, which partnership was all settled up by the surviving partners, and the portion belonging to the said Abraham McPike's estate was paid over to said H. C. McPike, as such administrator, long before the filing of the petition in this proceeding by the plaintiffs."

Plaintiffs' claim was disallowed, and the letters of administration revoked December 31, 1878; plaintiffs appealed to the appellate court. On the twenty-fifth of March, 1879, that court rendered its decision, affirming the circuit court. On March 18, 1881, writ of error was sued 'out to the supreme court of Illinois. The court delivered its opinion on the eighteenth day of January, 1882, affirming the decision of the appellate court.

On the nineteenth of March, 1879, plaintiffs served upon the administrator notice of their intention to present their demand to the probate court of Ralls county for allowance; thereafter, on the sixteenth day of July, same year, it was so presented, and, being disallowed, plaintiffs at once appealed to the Ralls county circuit court, there on the twenty-fifth day of March, 1882, the case was tried by the court and judgment rendered for defendant. An appeal was taken to this court, where, at its October term, 1885, this judgment was reversed and the cause remanded to the Ralls county circuit court, to be proceeded with in conformity with the opinion. 86 Mo. 565. The cause was tried by the circuit court, December 9, 1886, the judgment was for the plaintiffs, and the defendant appealed.

When a cause entitled as this one was here, one judge dissented from the conclusion reached by the court, and the same judge dissented from the conclusion reached when this cause came here, *though no dissent is marked*, and two of the judges of this court dissented upon the overruling of the motion for rehearing, of which no mention was made in the report of the case. These dissents were based upon the ground that the decision rendered herein, reported in 76 Mo. 249, was wrong in holding that the circuit court of St. Louis county acquired no jurisdiction by the service of its process on the administrator of McPike; and was wrong, also, in holding that notice has to be given an administrator on filing a judgment for classification.

I. The provisions of the law relating to jurisdiction of the probate court of St. Louis county at the time of the institution of this litigation in the St. Louis circuit court were as follows: "Said court shall have exclusive original jurisdiction in all cases relative to the probate of last wills and testaments; the granting letters testamentary and of administration, and repealing the same; appointing and displacing the guardians of orphans, minors and persons of unsound mind; in binding out apprentices, and in the settlement and allowance of accounts of executors, administrators and guardians; to hear and determine all disputes and controversies whatsoever respecting wills, the right of executorship, administration and guardianship, or respecting the duties or accounts of executors, administrators or guardians, and all controversies and disputes between masters and their apprentices; to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, when such demand shall not exceed one hundred dollars, and concurrent jurisdiction with the circuit courts in all such cases when the demand shall not exceed that sum, subject to

appeal, in all cases, to the circuit court in such manner as may be provided by law." Gen. Stat. 1865, pp. 900–1, sec. 6.

It will thus be seen that where the "demand" did "not exceed one hundred dollars," then the probate court of St. Louis county had "exclusive original jurisdiction;" but where the demand exceeded that sum then the circuit court of St. Louis county had "*concurrent jurisdiction.*" So that indubitably the circuit court of St. Louis county had jurisdiction to issue, and have served, its process on the administrator of McPike, he being found in St. Louis county, as well as on the living co-defendant, who resided in that county, and to render judgment against both of them.

The statute in relation to the jurisdiction, already quoted, of probate courts was substantially as it existed in 1825. This view of the concurrent jurisdiction of the circuit court where the demand against an estate exceeds one hundred dollars is held in *Miller v. Woodward*, 8 Mo. 169; *Tevis v. Tevis*, 23 Mo. 256, and *Rutherford v. Williams*, 62 Mo. 252. The cases in 23 and 62 Mo. were both cases of *moneyed* demands against estates, originating *in St. Louis county*, and both the defendants in such actions were the *sole* defendants therein; and in *Rutherford's case, supra,* after service had, the defendant died, and it was held the cause could be revived against the legal representatives of the decedent.

The jurisdiction of the circuit court of St. Louis county thus being settled beyond question, it is wholly immaterial to inquire whether an action on the note in this cause should have been instituted in the *circuit* court of Ralls county, or presented for allowance in the *probate* court of that county, since, whatever view may be taken of this matter, there can be no divergence of opinion as to the jurisdiction of the circuit court of St. Louis county to proceed as it did. The case of *Dodson v. Scroggs*, 47 Mo. 285, and other similar cases have no bearing whatever on the case at bar.

II. The judgment of the circuit court being then validly rendered by a court of competent jurisdiction, the process of that court duly served was an exhibition of the demand, since section 5, page 502, General Statutes, 1865, provides: "Any person may exhibit his demand against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice."

And, as the circuit court of St. Louis county had jurisdiction in the premises, it was competent to establish the demand by the judgment of that court, since section 8, page 502, General Statutes, 1865, provides: "Any person having a demand against an estate, may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree, and shall also exhibit copies of all judgments and decrees rendered in the lifetime of the deceased, to the court having probate jurisdiction."

The demand of the plaintiff in the original suit being thus legally exhibited and legally established, the next steps were to be taken in the probate court of Ralls county, where letters of administration had been granted.

Sections 26 and 27, General Statutes, 1865, page 504, are as follows:

"The clerk of the court shall keep an abstract of all *judgments* of *other courts filed* and of all *demands established* in the said court against such estate, which shall show their amount, date and class, and to whom payable."

"If any *judgment* of a court of record *be filed* in said court, and when *demands* are *allowed* against an estate, such court shall determine its class, and the

clerk shall make an entry thereof in his abstract; and, when thus classed, the executor or administrator may satisfy such demand according to such classification."

These sections show, in a manner not to be misunderstood, the clear line of demarcation drawn by the legislature between *judgments* of other courts, which only have to be *filed* in the probate court, and then classified, and *ordinary demands*, which are to be *allowed* before being classified. This distinction between a judgment of another court and of an ordinary demand has been recognized by this court. *Carondelet v. Desnoyer*, 27 Mo. 37. In that case, Scott, J., said: "All that was required on the part of the city was to file in the probate court transcripts of the judgments obtained in the circuit court in order to have them classed and paid as other demands allowed against the estate. (R. C. 1855, secs. 26 and 27, p. 156.)" The same view was taken of the point in *Gibson v. Vaughan*, 61 Mo. 418. A different ruling was made in *Bryan v. Mundy*, 14 Mo. 458, wherein it was held that a judgment recovered in the lifetime of a defendant would have to be presented for allowance in the probate court, upon notice duly given, etc., just like any ordinary demand.

We do not suppose any lawyer in this state ever thought it necessary to serve notice on an administrator when he was going to have a judgment, duly rendered in the lifetime of a decedent, or upon process served on his administrator filed for classification. The plain terms of the statute are repugnant to any such construction. All that is necessary to do where a judgment is held by a claimant, whether rendered in the lifetime of the decedent or against his *administrator*, is to file that judgment for classification in the probate court. This is sustained by the cases in 27 and 61 Mo., *supra;* and opposed by the cases of *Bryan v. Mundy*, 14 Mo. 458, and *Ewing v. Taylor*, 70 Mo. 394; but being satisfied of the incorrectness of the cases last cited, we

overrule them, and affirm the correctness of the ones first cited. It follows from this ruling that the case of *Wernse v. McPike*, 76 Mo. 249, is not law, and we will not longer sanction it by giving it our approval.

III. If, as heretofore determined, the judgment rendered on the note was a valid judgment, because rendered by a court of competent jurisdiction, upon proper process duly served, then it necessarily follows that there was *no longer any promissory note in existence* to present for allowance against the estate of McPike; the original demand was *destroyed* by the judgment rendered. Bigelow on Estop. [5 Ed.] p. 103.

IV. But, granting that the note was not thus merged in the judgment rendered, still in its alleged exhibition to the administrator, and in its presentation for allowance, the statutory requirements in that behalf were not complied with. Letters of administration as before stated were granted on the estate of McPike on the twenty-eighth of January, 1873, and the transcript of the judgment rendered filed and classified in the probate court of Ralls county on the fifteenth day of April, 1874. But notice of the presentation of the note for allowance was not given to the administrator in Ralls county until March 19, 1879. This was over *six years* after the grant of letters of administration, and after the note fell due, and over *five years* after the service on the administrator of summons made returnable to the circuit court of St. Louis county.

Such exhibition of the demand and such presentation for allowance obviously did not comply with the statute then in existence, which required that an ordinary demand should be exhibited within two years, either by suit in the circuit court or by serving the administrator with notice; and such notice had to contain a clause that the claim would be presented "for allowance *at the next term of the court.*" Gen. Stat. 1865, p. 503, sec. 15. And the statute is express that, even

when proper notice is given, no claimant shall avail himself of it unless he presents his demand for allowance within *three* years. Gen. Stat.1865, p. 502, sec. 6. Neither of these things was done. And the process served upon the administrator commanded him to appear before the *circuit court of St. Louis county*, and not before the *probate court* of *Ralls county*.

Most certainly service of process requiring an appearance by the administrator in the former court, to answer to an ordinary action on a promissory note, would not give notice of the faintest intention to present the note for allowance in the probate court of Ralls county hundreds of miles away. And when a cause entitled as this one, and between the same parties, 76 Mo., *supra*, was here it was distinctly ruled that the "*judgment of the circuit court being void was nothing, and no right could be founded on it.*" If so, surely the *process* which resulted in the rendition of that void *judgment* must be regarded as equally void and worthless.

But it is said in the last deliverance of this court on the subject that the circumstances of this case take it out of the operation of the statutes quoted; and some decisions of this court are cited and quoted from as sustaining this theory. Let us examine them: The case of *Mulloy v. Lawrence*, 31 Mo. 583, was a suit to enforce *a mechanic's lien*, and hence does not seem to be greatly in point. The case of *Tevis v. Tevis, Adm'r*, 23 Mo. 256, was one where the statute was quoted which has already been quoted, which authorized a suit in the circuit court against an administrator, and declared that the demand should be considered as exhibited from the time of serving the original process upon him. In that case such service was had on action brought, and it was held that though a non-suit was afterwards compelled to be taken, in the circuit court, that this was an exhibition of the demand, and authorized *its* subsequent

allowance in the probate court of St. Louis county
when presented in time for that purpose ; but of course
the *validity* of the service of the *process* in that case,
as well as the *jurisdiction* of the circuit court were
and had to be conceded ; otherwise, no validity could
attach to either.   The claim there was based on a
promissory note, and *not upon an account*, and there
was no notice given of the presentation of an account,
and no notice other than that given by service of process
in the ordinary way, and it was not ruled that the
plaintiff could *amend* his notice, nor was permission
granted him to do so nor the judgment reversed for
that purpose.   These observations are necessary to
correct misapprension of the facts in that case, as shown
in 86 Mo., *supra*.

The case of *Williamson v. Anthony*, 47 Mo. 299,
was one where there was but one administrator of the
estate; he presented his claim in time against the estate,
it was filed and allowed and *his claim and other papers
remained among the files of the court*, no one being
appointed by the court to resist the claim, and upon
these facts it was ruled that the claim could still be
allowed, though four years had elapsed since the grant
of letters, the administrator not being in fault, and the
probate court having failed to discharge its duty of
appointing some one to resist the claim and there was
*no one upon whom notice could be served*.

In the case of *North v. Walker*, 66 Mo. 453, letters
of administration were granted December 10, 1863; but
the note sued on did not mature till March 17, 1870, and
suit was brought on the note in May, 1872, in the St.
Louis circuit court; but the note was presented in due
time to the probate court, the executor being present
and waiving all objections, the judge declining to make
a formal allowance because the note was not yet due, and
two extensions of time were granted on the note in Febru-
ary, 1870, at the request of the executor, covering a space

of two years from the seventeenth of March, 1870, and a *written agreement to that effect was filed by the creditor and by the executor and filed in the probate court* together with a copy of the deed of trust which secured that note, various payments of interest on the notes being made from time to time, by the administrator, and filed by him, with the approval of the court, as vouchers, and finally the trust property sold for about three-fourths of the debt, and that credited on the note, and upon these facts it was held that neither the two years' nor the three years' statute had run against the claim. The obvious correctness of that ruling cannot be questioned.

But what matters in common the cases cited and the one at bar have cannot easily be perceived. In the present instance no notice was given to the administrator of an application for an allowance of the note till March 19, 1879, over six years after the grant of letters; and the first time the note was even so much as presented to the probate court for allowance was on December 12, 1877, nearly four years after the grant of letters and over three years after the service of what this court termed the *void process* of the St. Louis circuit court. So that, if you treat the alleged void process of the circuit court as a valid process, you are met by two difficulties:

If the process was valid, then the resulting judgment swallowed up and destroyed the original demand as already stated; *if valid to the extent only of being good enough as an exhibition of the claim, but not good enough to render a judgment upon,* then you are confronted by the fact that the note was not presented for allowance within three years after the grant of letters.

In addition to that, the plaintiffs, after bringing their note into the probate court for the first time on the twelfth day of December, 1877, without notice to the administrator, continued their cause to January 16, 1878, and again to March 14, 1878, when they *dismissed*

*their case and withdrew their note and other papers.*
So that there was nothing left on file as in *Williamson's case* and in *North's case*, showing a continued assertion of the claim. On the contrary the records of the probate court show an absolute abandonment of the claim. It would seem that a case, differing so widely in all its essential facts from those cited, ought to differ also in the conclusions of law arising on such differing facts.

V. Moreover, we are met with the further difficulty that pending the time when the plaintiffs dismissed their cause and withdrew their note and papers from the Ralls probate court, and the service of the first notice on the administrator on the nineteenth day of March, 1879, the case was passed upon by the supreme court of Illinois, and decided adversely to the plaintiffs. *Wernse v. Hall, Adm'r*, 101 Ill. 423. That ruling was based upon several grounds : That the claim was barred by the statutes of Missouri in consequence of its not having been exhibited in time, the service of process on the administrator being held not the "*service of process in a judicial proceeding*" and therefore worthless, and in consequence of not having been presented for allowance in time, and, being thus by the statutes of this state barred, it was also barred in the courts of Illinois under a statute of that state, and, being thus barred there, the plaintiffs were not creditors of the estate, and could not subject the real estate of McPike to the payment of their demand, and consequently that their claim was properly disallowed and their letters of administration, granted upon the theory that they were creditors, properly revoked. The effect of this adjudication cannot be doubted; it amounts to a conclusive bar to any further prosecution of this claim of plaintiffs in its present shape.

VI. But we are not unmindful that plaintiffs have a meritorious claim and one which, in the first instance, they took the appropriate legal steps to have adjudicated and determined and did have adjudicated and

determined. The judgment then rendered in the circuit court of St. Louis county still stands unappealed from and unreversed, and so does the classification of that judgment in the probate court of Ralls county. We are not unmindful, either, of the wholesome common-law rule that "the default of the court shall not prejudice any one." 2 Hawk. P. C. 534; *State v. Snyder*, 98 Mo. 555.

The parties to this proceeding are the same as reported in 76 Mo. *supra*, and, barring the technicality already noted, the cause of action is the same. Taking a broad view of the subject we shall, therefore, reverse this judgment and remand the cause, with directions to proceed with the judgment classified in the probate court, precisely as if the rulings, made in 76 Mo. above cited, had not been made. Judge BRACE not sitting; RAY, C. J., and BLACK, J., concur; BARCLAY, J., in reversing and remanding.