## DUNNICA vs. THOMAS' Adm'r.

1. A county or probate court has no jurisdiction to hear or decide upon a set-off, claimed by an administrator, against a demand exhibited for allowance by a creditor of an estate, when the set-off exceeds the demand of the debtor.

## ERROR to Cole Circuit Court.

### STATEMENT OF THE CASE.

Dunnica sued Harrison as administrator of the estate of Granville P. Thomas, deceased, in the county court of Cole county, on a note given to Dunnica by Thomas for the sum of one hundred and thirteen thirty-eight one hundredth dollars, principal. Harrison, as administrator, filed an off-set against said note for the sum of five hundred and forty dollars, alleged by him to be due Thomas by Dunnica for work and labor done for Dunnica by Thomas. On a trial of the matter in the county court, there was a judgment in favor of Harrison, the defendant in that court, but plaintiff in error. Dunnica took an appeal from the judgment in the county court to the circuit court of Cole county, where, on a trial de novo, judgment was rendered by the judge of said court, sitting as a jury, in favor of Dunnica for the amount of his debt, damages and costs. The circuit court refusing to entertain the off-set of defendant, Harrison, for the reason that the amount claimed and established by the evidence, as being due Thomas by Dunnica, exceeded the amount claimed by Dunnica, and that the county court had no power to render judgment against Dunnica for the balance found due, and therefore the said county court had no jurisdiction over the off-set; and that the circuit court had only such powers as the county court possessed in such matters. It is admitted that the evidence before the circuit court, conducing to establish an indebtedness from Dunnica to Thomas for an amount greater than that claimed by Dunnica from the estate of Thomas. To the opinion of the court, in refusing to entertain the off-set of said defendant, exceptions were duly taken. The defendant then filed a motion for a new trial, which was overruled and exceptions taken.

Dunnica vs. Thomas' Adm'r.

EDWARDS, for plaintiff in error.

Neither the county court nor circuit court had any authority to render a judgment against the estate of Thomas, if Thomas did not owe Dunnica an amount equal or greater than the amount due Thomas by Dunnica:  Rev. Code, 1845, page 92, Art. 4, sec. 10.

The affidavit made by plaintiff is not sufficient in law.  See same section.

The county court has jurisdiction given it by the statute, to hear and determine all demands against estates.  This jurisdiction necessarily carries with it power and authority to do all things necessary to a final adjudication of the subject matter of the claim, subject to an appeal to the circuit court;  Rev. Code 1845, page 92, sec. 8 of art. 4; also act regulating courts, page 331, sec. 13.

By the law of set-off, where two persons are mutually indebted to each other in any manner whatsoever, and one of them commences an action against the other, the one debt may be set off against the other, and if a balance be found due from the plaintiff to the defendant, judgment shall be rendered in favor of the defendant for the amount thereof and costs.  Rev. Code, "Title set off," secs. 1 and 6.

In appeals from the county court, in probate matters, the case is tried anew in the circuit court.  If then, upon such trial in this court, a balance was found to be due from Dunnica, the plaintiff, to the estate of Thomas, the judgment of the circuit court should have been for the amount of such balance.  See authority referred to above and Rev. Code 1845, Title administration, art. 8 sec. 7, page 107.

PARSONS & WHITE, for defendant in error.

The circuit court could only exercise the same jurisdiction that the county court could exercise, and consequently, did not err in refusing to entertain the off-set.  Rev. Code, Title "administration," art. 4, sec. 10.  Art. 8 secs. 7 and 8.  Rev. Statutes 1845, p. 63 and 64. Rev. Code, Title "off-sets" secs. 2 and 6.  5 Mo. R. 501.  9 Mo. R. Robinett vs. Nunn, p. 246.

As the county court could only be capable of entertaining the off-set where they could render a judgment for the excess, and our statutes giving them no power to render a judgment against a living man, they would not suffer an administrator to remit the excess, and afterwards compel him to account for it on his final settlement:  Wheat. Selwyin, 797 79b, n. 28, n. 4;  3d Bacon, 60, n. a. 78 n. d; 7 Johns. R. 404;  11 Wendel R. 361;  4 Dana R. 618.

The off-set is otherwise defective, first, in not stating where the services were rendered; second, in not stating when the services were rendered; third, in being all included in one single charge, and no regular account kept and entries made at the time the services were rendered:  Philips Ev. p. 199; fourth, in not stating when the services commenced and when they ended; fifth, in not being accompanied with some evidence of a promise on the part of the defendant in error to pay for the services, or at least some evidence of its not being a voluntary gratuity:  5 Mo. Rep. Pitcher vs. Wilson, 46;  Wells Code art. 7 sec. 13;  1 Mo. R. 68.  It is the duty of courts to prevent a multiplicity of suits, and where they are called upon to decide a case in such a way that it evidently cannot be a final adjudication between the parties, they might very properly refuse to entertain it.  Debts to be the subjects of an off-set should be mutual and due in the same right:  10 Mo. R. 210.

GAMBLE, J., delivered the opinion of the court.

The question presented in this case is, whether a county or probate court has jurisdiction to hear and decide upon a set-off, claimed by an

administrator, against the demand exhibited for allowance by a creditor of an estate, when the set-off exceeds the demand of the creditor.

It is most certain that such court has no jurisdiction to render a judgment in favor of the administrator for the excess of the set-off over the demand of the creditor, it can do no more than disallow the demand exhibited against the estate, and if the set-off is by that action extinguished, the excess is lost to the estate. The 10th section of the 4th article of the act concerning executors and administrators, Revised Code, 92, prescribes the course of proceeding, in a case when a person having a demand against an estate, admits a counter demand in favor of the estate, exceeding his in amount. In such case he is required to admit the amount of the debt which he owes the estate. But neither this, no any other setion of that act, contemplates a case in which a set-off may be claimed by the administrator, against a person holding a demand against the estate, the set-off exceeding the demand so held, and yet resisted or denied by the creditor of the estate.

As the creditors, and others interested in an estate, are entitled to have all the assets collected, it would be dangerous to their interests to allow an administrator to use as a set-off in the county court, a demand exceeding the claim asserted against the estate. The administrator has ready access to the other tribunals, and has ample time to prosecute the demand of the intestate against the debtor. There seems to be no necessity for allowing such set-off to be asserted in the county court, and it is evidently not within the meaning of any part of the administration law, that such controvercies should be adjusted in those tribunals.

The decision of the circuit court, in rejecting the set-off, as a subject not within the cognizance of the county court, and consequently not within the jurisdiction of the circuit, when hearing an appeal from the county court, was correct and the judgment is affirmed.