SPRAGUE, *Appellant*, v. ROONEY *et al.*

1. **Contract: BAWDY HOUSE: EVIDENCE.** A contract to sell a house to one whose purpose is to keep a bawdy house, is not unlawful, and a suit to enforce it cannot be defeated by proof that it was really a contract of lease, and, therefore, invalid.

2. **Parol Evidence, when Inadmissible.** Parol evidence is inadmissible to substitute an invalid parol agreement for a valid one in writing under seal.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

REVERSED.

*Jenkins, Clarke & Thomas* for appellant.

The court should not have admitted evidence in support of the answer, as parol evidence is inadmissible to show that the contract was different from that expressed in the writing, if the writing is not ambiguous and was understood by and expressed the intention of the parties at the time it was executed. *McConnell v. Brayner,* 63 Mo. 464; *Frissell v. Mayer,* 13 Mo. App. 331; *Massman v. Holscher,* 49 Mo. 87; *Blackburn v. Harrison,* 39 Mo. 303; *Thompson v. Davenport,* 2 Smith's Leading Cases 371. No evidence should have been admitted, because it allowed the defendant to set up her own fraud to avoid her contract. *Henderson v. Henderson,* 13 Mo. 151; *Hollocher v. Hollocher,* 62 Mo. 267. Nor will the fact that the plaintiff wanted the house for a bawdy house, constitute any ground to avoid the sale. It was as lawful for her, as for any one else to buy it. An act in itself lawful, cannot be adjudged void because done with a corrupt or immoral motive. *Lehindorf v. Schields,* 13 Mo. App. 486; *Alden v. Fenton,* 24 How. (U. S.) 407; *Armstrong v. Toler,* 11 Wheat. 258. The court should have sustained plaintiff's objection to the evidence of the former contract of lease. 1 Greenf. Ev. §§ 2, 50, 51; *Sebree v. Dorr,* 9 Wheat. 558, 563. The finding of the trial judge on the evidence was manifestly wrong:

,and should be reversed. *Knowles v. Mercer*, 16 Mo. 455; *Partel v. Bedford*, 51 Miss. 84; *Davis v. Richardson*, 45 .Miss. 500.

*T. S. B. Slaughter* and *Wash Adams* for respondent.

All contracts, in whatever form made, for the purpose and with the intention of furthering an illegal object, are ·void. See' *Brua's Appeal*, 55 Pa. St. 299; *Guenther v. De-,wein*, 11 Ia. 133, 135; *White v. Buss*, 3 Cush. 448; *Reynolds ·v. Nichols*, 12 Ia. 402, 403; *Fowler v. Scully*, 72 Pa. St. 467; *De Groot v. Van Duzer*, 20 Wend. 390. It is also well set-tled that "parol evidence may be offered to prove that the contract was made for the furtherance of objects forbidden by law," and it is established that this principle does. not infringe the rule that parol evidence may not be received ·to contradict or vary the terms of a written instrument. 1 Greenleaf Ev., §§ 284, 284a. The prior contract of sale ·which was admitted to be in effect a lease, was admissible :for the reason that it tended to show the rental value of ·the premises.

HENRY, J.—Pending this cause in this court, Jno. An-thony suggested that since the appeal herein was taken, he :had intermarried with appellant, and asked to be made a :party plaintiff, which was granted. The suit is for the ·enforcement of specific performance of the following con-tract in writing, entered into by plaintiff, then Bessie :Stevenson, and defendant:

"This article of agreement, entered into this 20th day ·of February, 1878, by and between Catherine of the one part and Bessie Stevenson of the second part, witnesseth, ·that the said Catherine has this day bargained and sold to ·said Bessie Stevenson for the sum of $2,500, the following real estate, lying and being in the City of Kansas, county of .Jackson, State of Missouri, namely: Lot No. 11, block 3 Lykin's addition to the City of Kansas, Old Town, as the .same appears on record of the recorded plat of said addi-

tion, upon the following terms and conditions, to-wit: The said Bessie Stevenson to pay the sum of $25 per month, payable monthly on the 20th day of each month, until the sum of $1,000 is thus paid; then the said Catherine Rooney to execute and deliver to said Bessie Stevenson a good and sufficient warrantee deed to the same, taking the notes of the said Bessie Stevenson, secured by deed of trust on the property conveyed, for the same deferred payments. But if said Bessie Stevenson fail or refuse to make any monthly payments as herein provided until deed made, her rights under this agreement to cease, and said Catherine Rooney to be immediately entitled to the possession of said estate. In witness whereof, the parties have set their names and affixed their seals to duplicate copies hereof, one to be retained by each, the day and year aforesaid.

MRS. CATHERINE ROONEY, [SEAL.]
MISS BESSIE STEVENSON, [SEAL]."

The answer set up, in substance, that the contract really made by the parties was one of lease by which the premises were let to plaintiff at $25 per month, payable monthly, but that in order to evade the statute, section 1551, which forbids the lease of a house for the purpose of being used as a brothel it was agreed between the parties that they should execute the agreement in question. A replication filed put in issue the allegations of the answer, and on a trial of the cause, the court found the issues for defendant and entered a judgment accordingly, from which this appeal was prosecuted. Plaintiff at the trial objected to any evidence in support of the allegations in the answer. Her objection was overruled, and by plaintiff's own testimony, if at all, they were established. Whether the court erred in admitting such evidence is the only question for consideration.

This is not a suit to enforce a contract for a lease of the premises. If it were the doctrine invoked by defendant and sustained by the authorities cited by her counsel

would be in point.   An agreement to sell a house to one whose purpose is to keep it as a bawdy house, although known to the vendor, is not forbidden by the statute.   Defendant is endeavoring to defeat a legal and valid contract by proof that it was not the contract between the parties, but that another was, which is forbidden by law.   In other words, she seeks by parol evidence to substitute an invalid parol agreement for a valid one in writing and under seal. There is certainly no public interest to be subserved by withdrawing this case from the rule which forbids the introduction of parol evidence to vary or contradict a written instrument.   If the contract were for a lease, and the purpose expressed therein was that the lessee would keep a hotel, or conduct other legitimate business in the house, it might be shown by parol evidence that it was let to be used for an illegal purpose.   But here is an agreement in writing, signed and sealed by the parties.   Its execution is admitted; no fraud is charged to procure defendant's signature to it, but she says it was not the real agreement of the parties, but that the agreement between them rested in parol and was a lease of the premises.   In *Brua's Appeal*, 55 Pa. St. 299, cited by defendant's counsel, it was the consideration of the notes which was held open to inquiry, and having been found to be a "stock gambling transaction" the notes were held void.   *Fowler v. Scully*, 72 Pa. St. 465, was a proceeding to foreclose a mortgage of real estate given to a national bank to secure future advances, and this appeared upon its face.   But if it had not, evidence would have been admissible to show the fact.   There is no analogy, however, between such a case and the one under consideration.   Here the evidence was not offered to show that the contract sued on was an illegal contract, but to prove that it was not the contract made by the parties.   If the statute forbade the sale of premises to be used by the vendee for an illegal purpose, on a suit to enforce the contract, the defendant might show the illegal purpose,

although a different one was expressed in the contract. To that extent the authorities cited go and no further.

The judgment is reversed and the cause remanded. All concur, except SHERWOOD, J., who dissents