HUGH T. MITCHELL, Respondent, v. ALBERT E. MARTIN, Administrator, etc., Appellant.

**Kansas City Court of Appeals, November 18, 1895.**

**Probate Courts:** JURISDICTION: JUDGMENT AGAINST CREDITOR OF ESTATE. Under section 191 *et sequentes,* Revised Statutes, 1889, the probate court has jurisdiction to adjust and settle differences between the estate and parties presenting claims for allowance and to award judgment in favor of him whose demand is the larger.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*E. C. Hall* for appellant.

The probate court had no jurisdiction to hear and determine the matter in issue and consequently the circuit court had none. Probate courts are creatures of the statute. *In re Elliott's Estate v. Wilson,* 27 Mo. App. 218; R. S. 1889, sec. 3408. Probate courts have

jurisdiction to hear and determine demands only against the estates of testators or intestates and can not allow credits. R. S. 1889, sec. 191; 1 Am. Law of Administration by Woerner, sec. 153.

*M. B. Riley* for respondent.

Probate courts have jurisdiction of all matters pertaining to the settlement of estates. . R. S., sec. 3397. Authority is conferred on the probate court to allow credits. R. S., sec. 194. Probate courts having jurisdiction to allow demands are, of necessity, clothed with power to hear and determine a demand in the nature of a credit. A credit is but a species of demand. 5 Am. and Eng. Encyclopedia of Law, p. 526; 14 Mo. 165; 51 Mo. 256. If section 194, Revised Statutes, does not provide for cases of this character, then, we respectfully submit, the legislative intent is veiled in complete obscurity.

GILL, J.—Mitchell filed his petition in the probate court of Clinton county, reciting that the administrator of Gant, deceased, held against the petitioner a note and account aggregating about $500, but that he (Mitchell) had an account, or claim, the items of which were set out, against said estate, and the court was asked to hear and allow his (Mitchell's) demand, as an offset to the claim of the estate. It appeared from the sworn statement that the claim of the estate slightly exceeded that of Mitchell. The form or substance of the judgment in the circuit court (where the cause was tried on appeal from the probate court) is not given in the abstract, but I assume there was a finding as to the balance due the estate and a judgment entered therefor in favor of the administrator.

VOL. 63—36

Throughout the progress of this litigation, the defending administrator has taken the position that the probate court had no jurisdiction to try and determine the matter in suit. This point was held against him, and his appeal presents that single question.

The briefs are very meagre and afford but little assistance in the determination of the point. Appellant's counsel, however, thus declares his position: "The plaintiff had no demand against the defendant's estate, and, therefore, could not go into the probate court. In the probate court there could be no mutuality of contest, because the defendant's estate could not recover, in that court, a judgment 'against the plaintiff, for his offset in excess of plaintiff's credit; and was, therefore, without any reciprocal rights or privileges therein."

It seems to be the contention that where the demand in favor of the estate and against the claimant is larger than that of the latter, then the probate court has no jurisdiction to adjust such accounts—that the parties should resort to the circuit court for that purpose. I think a review of the legislation on the subject makes it clear that the probate court now has jurisdiction in matters of this nature; and where the claim exhibited for allowance against the estate is confronted with a cross demand of larger amount in favor of the estate and against the claimant, then it is the duty of the probate court to entertain jurisdiction and give judgment for the estate for whatever may be the difference in its favor.

This was not formerly the law in this state. In the year 1852, in *Thomas, Adm'r, v. Dunnica*, 15 Mo. 385, it was decided that under the statute then existing, the probate court had no jurisdiction to hear and decide upon a set-off claimed by an administrator against a demand made by a creditor of the estate,

when the demand of the estate exceeded that of the creditor. The court refused to permit it in such case, because, it was said "that such (probate) court has no jurisdiction to render a judgment in favor of the administrator for the excess of the set-off over the demand of the estate." "It can do no more," says the opinion, "than disallow the demand exhibited against the estate; and if the set-off is by that action extinguished, the excess is lost to the estate."

The decision of the case just cited was made under the administration law of 1845, wherein no direction or authority was given to the probate court to adjust the differences between these cross demands and award judgment in favor of the estate, should it appear to be so entitled. See section 8, chapter 3, Revised Statutes, 1845. But in the revision of 1855 this section 8 was materially modified and the amendment, with the addition of other sections then enacted, clearly authorized the probate court to entertain such cross demands, and if that of the estate exceeded the claim presented by the creditor, it was the duty of said court to give the estate judgment for said excess. See sections 9 and 10, etc., chapter 2, article 4, Revised Statutes, 1855. And so the law remains to this day. Section 191, *et seq.*, 1 R. S. 1889.

It was, we think, the manifest purpose of these amendments to the administration statute, to provide for just such a proceeding as we have here,—to authorize the probate court to adjust and settle the differences between the estate and parties presenting claims for allowance and award judgment in favor of him whose demand is the larger. While probate courts are classed as courts of limited jurisdiction, and are authorized to do those things, or to exercise such jurisdiction only as is expressly given them by the legislature, yet the history of such legislation shows a manifest disposition

to enlarge their powers and jurisdiction, so as to clothe them with the necessary authority to fully and finally administer the estate entrusted to them.

In our opinion, the probate court of Clinton county had jurisdiction over the subject-matter of this suit. The judgment of the circuit court is, therefore, affirmed. All concur.