# BEALEY v. SMITH, Appellant.

### Division One, November 12, 1900.

158  515
160   30

158  515
162  403

158  515
165  455
165  460
166  275

158   515
99a ¹  53

1. **Decision of Court of Appeals:** LAW OF THE CASE. A decision of a court of appeals in a case over which it has jurisdiction, becomes the law of the case upon a trial anew in the circuit court, and that court has no right to disregard it, unless the facts appearing on the second trial are essentially different from those before the appellate court when it rendered its first opinion.

2. ———: ———: SECOND APPEAL: STARE DECISIS. But when the case comes to the court of appeals the second time, it is entirely within its power to hear or refuse argument again upon the same proposition decided by it upon the former appeal. An appellate court will review and reverse its former decisions, even in the same case, where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischiefs to be cured by overruling prior decisions far outweigh any injury that might be done in the particular case.

3. ———: ———: ———: ———: WHEN CASE IS TRANSFERRED TO SUPREME COURT. But a refusal of a court of appeals to review its decision on a former appeal in a cause, does not relieve the Supreme Court, when the case is properly transfered to it, from obeying the constitutional mandate to rehear and determine the case.

4. **Administration:** NON-RESIDENT: SETOFF: MUTUALITY: TORT. A Missouri administrator may set up a counterclaim for debts due an estate on notes placed in the hands of a non-resident for collection prior to decedent's death and collected after his decease, against any claim which the non-resident may set up in this State for a balance due him on a note executed by the intestate during his lifetime. Nor can such counterclaim be defeated for lack of mutuality. Nor is such counterclaim based on tort, but is for money had and received. (Bealey v. Smith, 70 Mo. App. 229, affirmed).

5. ———: DEATH IN ANOTHER STATE: SITUS: ANCILLARY ADMINISTRA-
TION. Where the intestate had for many years been a resident of
Missouri and was temporarily in another State at the time of his
death, and letters of administration were taken out there and here
also, the Missouri administration is the principal administration and
that of the other State is simply ancillary thereto, and the situs of
the debt which a resident of such other State owes the estate because
of the fact that after decedent's death he collected certain of the
estate's notes which were in his hands at the time of intestate's
death, is, for the purpose of counterclaim, in this State.

Transferred from Kansas City Court of Appeals.

JUDGMENT OF CIRCUIT COURT REVERSED.

*James W. Boyd* for appellant.

(1) The identical question whether the court should instruct the jury to find against appellant on this counterclaim was before this court on a former appeal and decided in favor of this appellant. That decision settles the question, and the circuit court had no right to ignore it. This question is *res adjudicata.* Forester v. Railroad, 26 Mo. App. 122; Bevis v. Railroad, 30 Mo. App. 564; McKinney v. Harral, 36 Mo. App. 338; The S. W. L. & Z. Co. v. Ins. Co., 41 Mo. App. 406; Crumley v. Webb, 48 Mo. 562; Bank v. Taylor, 62 Mo. 338; Adair County v. Ownby, 75 Mo. 282; Musser v. Brink, 80 Mo. 350; Gaines v. Fender, 82 Mo. 497. (2) Appellant is entitled to have his counterclaim for the money respondent collected on the four Gilbert Blake notes held by respondent before Blake's death, submitted to the jury. R. S. 1889, sec. 2050; Green v. Conrad, 114 Mo. 651; Smith v. Springer, 83 Mo. 408; McAdow v. Ross, 53 Mo. 199; R. S. 1889, secs. 191 and 192; Grocer Co. v. Painter, 66 Mo. App. 481; Mitchell v. Morton, 63 Mo. App. 560; The American Law of Administration, Woerner, vol. 2, sec. 398, p. 827; Morrow's Assignee v. Bright, 20 Mo. 298; Green v. Bell, 3 Mo. App. 291; Gunn v. Todd, 21 Mo. 303.

*Hall & Woodson* for respondent.

(1) The court properly instructed the jury to disregard the items of the four notes in the counterclaim for the reason that there is no mutuality between the four notes described therein and the claim sued on by respondent, and the notes are not proper items of counterclaim or setoff in this case. Gimmett v. Hueben, 71 Mo. App. 291; Haseltine v. Thrasher, 65 Mo. App. 334; State to use Cowan v. Modrell, 15 Mo. 42; 2 Daniel on Negot. Instr., sec. 1422; 7 Am. and Eng. Ency. of Law, 372-373; In Rees v. Watts, 11 Excheq. (Eng.), 410; Patterson v. Patterson, 59 N. Y. 467; Jordan, Adm., v. Bank, 74 N. Y. 467; Taylor v. N. Y. City, 82 N. Y. 17; Woodward v. McGaugh, 8 Mo. 161; Mercien v. Smith, 2 Hill. 210; White v. Henley, 54 Mo. 592; Huse v. Ames, 104 Mo. 100; Richardson, Adm., v. Dreyfus, 64 Mo. App. 600; Patchen v. Wilson, 4 Hill. 57; Buckland v. Gallop, 105 N. Y. 456; Woolridge, Adm., v. Draper, 15 Mo. 471; R. S. 1889, secs. 193 and 8162.    (2) We do not understand that the item of rents in the counterclaim is now in controversy, or that appellant is now complaining of the action of the court regarding that item. If it is in controversy and appellant does complain of the action of the court regarding the same, and if the court committed error in instructing the jury to disregard the item of $300 rent in the counterclaim, that error was cured by the remittitur of the whole amount of rent claimed and interest thereon. Ibers v. O'Donnell, 25 Mo. App. 120; Brooking v. Shinn, 25 Mo. 277; Eves v. Hoover, 43 Pac. Rep. 1120; Hansen v. Boyd, 161 U. S. 397; 16 Sup. Court Rep. 571; Hahn v. Cotton, 136 Mo. 216.    (3) Awarding a new trial on one issue does not necessarily call for a new trial as to the other issues. This should never be done except when the ends of justice require it. Needles v. Burke,

98 Mo. 474; Oberbeck v. Mayer, 59 Mo. App. 297; R. S. 1889, sec. 2134. (4) The administrator Smith as an ancillary administrator is purely local and is confined to chattels having a particular situs here. 1 Woerner Amer. Law of Adm., sec. 158. And a debt has its situs at the domicil of the debtor. Neither was this point made in the case when it was on appeal here before. It was made for the first time in this case at the last trial thereof. Bealey v. Blake, Adm., 70 Mo. App. 229. (5) The entire counterclaim is one sounding in tort, and can not be maintained in this case. Wilkerson v. Farnham, 82 Mo. 677. This is another point that was made for the first time in this case at the last trial, and was not made or passed upon in the former appeal. Bealey v. Blake, Adm., 70 Mo. App. 229.

MARSHALL, J.—This cause was certified to this court by the Kansas City Court of Appeals, because one of the judges of that court was of opinion that the decision of that court in this case is in conflict with the decision of this court in Kelly v. Thuey, 143 Mo. l. c. 437-8.

Under section 6 of the amendment of 1884 to article 6 of the Constitution, it is the duty of this court, under such circumstances, to "rehear and determine said cause or proceeding as in case of jurisdiction obtained by ordinary appellate process."

The case is this: Norton Blake formerly lived in Buchanan county. He died at the residence of his son in Louisiana, on the 26th of March, 1891, but was in legal contemplation a resident of Buchanan county, Missouri, at that time. [Bealey v. Blake, 153 Mo. l. c. 674.] On the 28th of May, 1891, letters of administration upon his estate were granted by the probate court of Brown county, Kansas, to Richard Huxtable. The plaintiff herein, who was Blake's son-in-law, resided in that county, and had in possession, as

agent for the deceased, certain personal property.  The plaintiff presented a claim against the estate to the Kansas administrator based upon a note for $750, dated January 20, 1890, signed by Blake, which was allowed by the probate court in Kansas.  On the 28th of July, 1892, the Kansas administrator paid the plaintiff thereon the sum of $511.92.  The Kansas administration was closed July 28, 1893.  In March, 1896, the plaintiff presented to the probate court of Buchanan county against the defendant, who as public administrator had charge of Blake's estate in Buchanan county, Missouri, a claim for the balance of $475.44 due on the same note for $750, on which the Kansas administrator had paid the $511.92.  The defendant answered setting up that the plaintiff had not given full credit to Blake's estate for the indebtedness he owed it, and claimed that the plaintiff owed that estate eight hundred dollars for rent he had collected about March 1, 1891, from Blake's tenant for rent of Blake's farm in Buchanan county; also that the plaintiff had also in like manner collected $800 a year rent for said farm for the years, 1891, 2, 3, 4 and 5; and also that the plaintiff had collected, after Blake's death, four notes, aggregating, principal and interest, $1,684.85, which was made by Gilbert Blake to Norton Blake, none of which had the plaintiff accounted for or paid, and asked that these amounts be set off against the balance due plaintiff on said note.  The case was tried in the probate court of Buchanan county, and afterwards on appeal in the circuit court the defendant obtained judgment against the plaintiff for $1,701.  The plaintiff appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was reversed and the cause remanded.  [Bealey v. Blake's Adm'r, 70 Mo. App. 229.]  The ground upon which the case was reversed was that the defendant had no interest in or claim to the rents, which the plaintiff had collected, that accrued after Blake's death, but that those rents followed the

title to the land and belonged to Blake's heirs, and that an administrator, under the laws of Missouri, is entitled to only such rents after the death of the owner of the land as accrued after the administrator is ordered by the probate court to take charge of the land and collect the rents to pay the debts of the estate, and that such condition was not present in this case. Upon a trial anew, in the circuit court, the court gave a peremptory instruction to the jury to find for the plaintiff, and the jury accordingly returned a verdict for the plaintiff for $539, and disregarded all of the defendant's counterclaims. The circuit court was, as is conceded by both sides, about to grant the defendant a new trial, because it appeared that the plaintiff had collected $300 rent during Blake's lifetime, which under the decision of the Kansas City Court of Appeals, was a legitimate subject for a set off by the administrator, and to prevent the court from so doing, the plaintiff entered a remittitur for the $300 so collected, with interest, aggregating $420. This left a judgment for the plaintiff for $119, from which the defendant appealed to the Kansas City Court of Appeals. The defendant claimed in that court that under the prior decision of that court the right of the defendant to set off the $1,684.85, the proceeds of the four notes collected by the plaintiff had been adjudicated, and therefore the trial court erred in withdrawing that right from the consideration of the jury and in giving a peremptory instruction to find for the plaintiff. The plaintiff contended that the question of the defendant's right to set off this amount was not adjudicated on former appeal, and was open to discussion on this appeal, because, while that question was in the case then and was referred to by the Court of Appeals, it was not discussed by the plaintiff then, and the reversal was then asked simply for the error of the trial court in allowing the defendant to recover for rents collected by the plaintiff after Blake's death; and further, because it would be manifestly

unjust to allow the prior decision to determine that question for the following reasons:

"1.   Because there was no mutuality between the respondent's claim against the estate of Norton Blake and the administrator's claim against this defendant, on account of the alleged collection by the latter of the said four notes long after the death of Norton Blake.

"2.   Because the administration of the estate of Norton Blake was purely local to Missouri, and was confined to the chattels having a particular situs here, and, therefore, did not include a debt against this respondent, who was a citizen of Kansas, resident there, and which debt, therefore, had a situs in Kansas.

"3.   Because the entire item sounded in tort and could not be maintained as a set off."

The Kansas City Court of Appeals held that the right of the defendant to set off the amount of the notes so collected by the plaintiff against the demand of the plaintiff for the balance due on the $750 note, was before that court on the first appeal, and was passed upon and adjudicated then, and that such decision was the law of the case as to the trial court on the trial anew, and was not open to discussion when the case came the second time before the Court of Appeals, and as the trial court had not followed the decision of the Court of Appeals, its judgment was erroneous, and hence the judgment was reversed and the cause remanded.   The cause was then transferred to this court for the reason first herein stated.

## I.

The right of the defendant to set off the four notes against the plaintiff's demand was distinctly denied by the plaintiff, and the claim was made, by the plaintiff, on the first appeal, that the judgment was erroneous because the trial

court had allowed the set off, as is shown by the brief of plaintiff's counsel, in that case. [Bealey v. Blake's Adm'r, 70 Mo. App. 229.] This contention was met and decided adversely to the plaintiff by the Court of Appeals. [Ibid, l. c. 233.] This decision became the law of the case upon the trial anew in the circuit court, and that court had no right to disregard it, unless the facts appearing upon the second trial were essentially different from those before the Court of Appeals when it rendered that opinion. [Hennessy v. Bavarian Brewing Ass'n, 145 Mo. 104; May v. Crawford, 150 Mo. l. c. 524-5.] There is no pretense that the facts, as to this claim, were essentially so different. On the contrary there is no room for fair-minded men to honestly differ as to the question of the plaintiff's liability to Blake's estate for the money he, plaintiff, received from the collection of these notes. The facts are practically conceded, and the defendant is entitled to recover on his counterclaim unless plaintiff's legal objections thereto are well taken. The circuit court therefore erred in giving the peremptory instruction to the jury to find for the plaintiff, because in so doing that court did not obey the law of the case as declared by the Court of Appeals. Quoad the trial court the decision of the Court of Appeals was the law of the case no matter what the trial court thought about it, and no matter what arguments against such a decision had been made or omitted to be made by counsel before the Court of Appeals.

When the case came before the Court of Appeals the second time, it was entirely within the power of that court to hear or refuse to hear argument again upon the propositions decided by it when the case was first there. The rule of *stare decisis* is not an iron-clad rule, but it is a rule founded upon reason and experience. The rule, like all rules, has its exceptions, one of which is that an appellate court will review and reverse its former decision, even in the same case, where it is satisfied

that gross or manifest injustice has been done by its former decision or where the mischiefs to be cured far outweigh any injury that might be done in the particular case by overruling prior decisions. [Bank v. Douglas Co., 146 Mo. l. c. 52.] The reports of the decisions of this court afford instances where prior decisions, even in the same case, have not only been reviewed on second appeal, but also reserved. [Francis v. Blair, 89 Mo. 291, reviewed and overruled in the same case on second appeal, Francis v. Blair, 96 Mo. 515; Eans' Adm'r v. Eans, 79 Mo. 53; Ibid, 97 Mo. l. c. 592; Wernse v. Mc-Pike, 76 Mo. 249, affirmed, Ibid, 86 Mo. 565, and overruled, Ibid, 100 Mo. l. c. 488; Kiley v. Kansas City, 69 Mo. 102, overruled, Ibid, 87 Mo. 103; Sprague v. Rooney, 82 Mo. 493, overruled, Ibid, 104 Mo. l. c. 360.] These, and other cases not necessary to cite, point the rule and the exceptions herein noted. But this does not prove that an appellate court is compelled to permit its prior decisions in the same or other cases to be criticised in its presence or to reopen the questions then decided without its consent. It is rather a matter of grace by the court than of right in the parties. No court, however, ever refuses to grant the privilege in a proper case

We might stop here and refuse to interfere with the decision of the Kansas City Court of Appeals in this case, were it not for the mandate of the Constitution, which requires this court, in cases coming here upon certificate of this kind, to rehear and determine the case as in cases of jurisdiction obtained by ordinary appellate process.

## II

The plaintiff, by remittitur, has taken away the manifest error of the circuit court in excluding the defendant's counterclaim for rents collected by the plaintiff before Blake's death. This leaves for determination only the defendant's counter-

claim for the four notes collected by plaintiff after Blake's death.

There is no substantial conflict in the evidence preserved in this record that the plaintiff, at and before Blake's death, had these notes in his possession as Blake's agent, to collect them, and that he did collect $1,684.85 on account thereof after Blake's death. Instead of turning over these assets of the estate to the administrator upon the termination of his agency by Blake's death, as he should have done, the plaintiff turned the notes into cash and kept the cash. He collected $511.92 of the $750 Blake owed him, from the Kansas administrator, and now seeks to collect the balance Blake owed him from the Missouri administrator, without accounting to any one for the $1,684.85 he owes Blake's estate. His position is that there is no mutuality between his claim against the estate and the estate's claim against him; that the Missouri administration is purely local and does not include the debt the plaintiff owes the estate, and that the situs of that debt is the residence of the plaintiff in Kansas, and that what he owes the estate sounds in tort which can not be set off against the debt the estate owes him.

If these contentions are well founded in law the plaintiff must be allowed to collect his debt against the estate, and go free of paying what he owes the estate, so far as the courts of this State are concerned.

In the case of Lietman's Exr. v. Lietman, 149 Mo. 112, this court held that the debt due the Missouri estate of the deceased by an insolvent non-resident legatee should be set off against a legacy due such legatee. And there is no distinction in principle between the remedy applied for the collection of the debt in that case and the remedy which should be applied to the collection of the debt in this case. There is as much mutuality in this case as there was in that. In each case there was a mutual demand. The Kansas City Court of

Appeals had no difficulty in reaching the conclusion that the probate courts in Missouri have power to hear and decide questions of this character and allow the claim for the difference between the demands against the estate, or enter judgment for the difference against the claimant and in favor of the estate, if such is the case. [Mitchell v. Martin, 63 Mo. App. 560.]

Woerner's American Law of Administration (2 Ed.), sec. 398, vol. 2, states the law as follows:

"The policy of the law, requiring the speedy and least expensive settlement of the estate of deceased persons, favors the trial of all matters in issue between the administrator and other persons interested in the estate in the simplest, most direct manner. The affidavit required of creditors before their claims can be entertained in the probate court compels them to disclose the existence of any set off or counterclaim, and the amount for which they can obtain allowance is limited to the difference between the amount claimed and any sum in which they may be indebted to the estate. Hence the judgment can be for the difference only, if there had been mutual dealings between the creditors and the decedent; and this whether the estate is solvent or insolvent, whether the debts are payable simultaneously, or the one *in praesenti* and the other *in futuro,* or whether there be other claims superior in dignity thereby affected or not; even if the debt to the estate would not have been the proper subject of set off during the lifetime of the parties. Administrators, therefore, should although not bound by law to do so in all the States, exhibit or plead in set off any debt or liability of the claimant to the deceased against a claim presented for allowance against the estate."

There can be no doubt that section 2050, Revised Statutes 1889, is broad enough to permit the counterclaim of the administrator against the plaintiff, for which an action of *indebitatus assumpsit* for money had and received would

have formerly afforded a sufficient remedy, against the plaintiff's demand arising out of contract against the estate. [Green v. Conrad, 114 Mo. 1. c. 664.] If this were not so, an insolvent debtor could secure payment in full for his claim against a solvent estate, escape liability for what he owed the estate, and thus diminish the assets of the estate which of right belong to the other creditors or the heirs. The same result would follow in this and similar cases where the claimant is a nonresident if he was allowed to come into this State to collect his claims against an estate, for the administrator here could not sue him in his State or if he could the estate should not be reverted to the uncertainties arising from such useless and expensive circumambulation.

The position of the plaintiff is untenable, and the decision of the Kansas City Court of Appeals on the first appeal of this case (70 Mo. App. 1. c. 233) was correct in all its features. The Missouri administration is the principal administration, as Blake was a resident of Missouri. The Kansas administration was simply ancillary. The counterclaim is not based on tort. It is for money had and received.

It follows, without further elaboration, that the trial court erred; that the defendant was entitled to recover against the plaintiff, not only for the rents collected before Blake's death, which the plaintiff has conceded by entering a remittitur therefor, but also for the $1,684.85 with legal interest from December 14, 1895. The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment for the plaintiff for $119 with six per cent interest from October 11, 1897, and for the defendant and against the plaintiff for $1,684.85, with six per cent interest from December 14, 1895, and to deduct the amount of the judgment for the plaintiff from the amount of the judgment for the defendant, and to enter final judgment for the defendant and against the plaintiff for the difference so ascertained. All concur.